# SUPREME COURT OF MISSISSIPPI

---

## ALVIN LAKE v. J. C. PERRY.

[54 South., 945.]

TENANTS IN COMMON. *Compensation of co-tenant.*

> Neither joint tenant or tenants in common are entitled to compensation from each other for services rendered in the care and management of the common property in the absence of a specific agreement or mutual understanding to that effect.

APPEAL from the chancery court of Grenada county. HON. I. T. BLOUNT, Chancellor.

Suit by Alvin Lake against J. C. Perry. From a decree in favor of appellee, appellant appeals.

The facts are: Appellant filed a bill in chancery to set aside a voidable deed to appellee, made during appellant's minority, and praying an accounting. This case was appealed at a former term of the court from a decree dismissing the bill, and was reversed. 95 Miss. 550, 49

South. 569. Thereafter the chancellor entered a decree sustaining appellant's bill, setting aside the voidable deed, and ordering an accounting. The commissioner stated an account, referring back to the court the question of whether Perry, the appellee, was entitled to services for managing the partnership property. The court allowed the item as an offset against the claim for rent, and from this judgment comes this appeal.

*Cowles Horton,* for appellant.

The sole question presented by this record is whether the learned court below erred in allowing to appellee this offset for alleged personal services in "managing" this property during the years of his possession.

This question should be answered in the affirmative for two reasons: (a) Because there is nothing in the record upon which this allowance can be based. (b) Because, under the law, such an allowance is not sustained by the authorities.

In the next place, even did the facts of this case warrant this allowance, the law is against the appellee. The rule in such matters, as stated in a number of authorities, of which the following are some, is that appellee is held down to such taxes as have been paid by him, and such improvements as add to and enhance the vendible value of the property. These were allowed by the commissioner, and no objections are made to his report. See, in this connection generally, *Massey* v. *Womble,* 69 Miss. 347; *Hicks* v. *Blakeman,* 74 Miss. 459; *Hudson* v. *Strickland,* 58 Miss. 193; *Walker* v. *Williams,* 84 Miss. 392.

The rule in actions of ejectment, as established by the legislature, is likewise such as to exclude any such allowance as was made in this case. Sections 1848, 1849, Code 1906.

Having failed then to find any authority or precedent upon which the learned court below could have based its ruling, we presume the court will consider whether it be

right on principle.  A review, then, of the entire case, as presented by the whole record—the one on the former appeal and the subsequent developments as presented by this record—will be helpful.

Appellant and others were cotenants of this property. All of the owners joined in a deed to appellee.  Appellant, being a minor at the time, filed this bill to set aside his deed, which, as stated, was done.  Thereupon this accounting was ordered, and appellant allowed to recover his rents, etc., against which appellee was allowed to offset taxes, etc., and this claim for alleged personal services.  Appellee's possession of this property was at all times adverse to appellant; there is no agreement, express or implied, whereby appellee can seek to claim for these services, and unless he is entitled to them as a pure matter of law, then the learned court below is in error in making the allowance.  Does the law, then, warrant this ruling?

In the case of *Shipp* v. *McKee,* 80 Miss. 746, the court gives us this rule, applicable here: "The effect of the disaffirmance by her (a minor) is to render the conveyance void *ab initio,* and to entitle her to charge the purchaser for rents during the whole time that he occupied the property, claiming under her deeds.  But the defendant by the conveyance acquired the title of Mrs. Hubbard, who was a cotenant with her, and his liabilities and rights are therefore to be tested by the rules governing cotenants."  Quoting from *French* v. *McAndrew,* 61 Miss. 192.

Tested by this rule, let us see whether this allowance is warranted by the law.

In 17 Amer. and Eng. Ency. Law (2d Ed.), page 688(6), under the heading: "Personal Services," we find this language: "Joint tenants or tenants in common are not entitled from each other for services rendered in the care and management of the common property in the ab-

sence of a special agreement or mutual understanding to that effect.''

Says the supreme court of Florida, in *Fuller* v. *Fuller,* 2 So. 426: ''Compensation for individual services in managing or taking care of the joint property is never awarded to a cotenant, except as a result of a direct agreement to that effect, or unless from all the circumstances of the case the court is satisfied of a mutual understanding between the parties that the services rendered by one should be paid for by the other. Freem. Cotenancy, § 260.''

This language is quoted and approved by the same court in the later case of *Anderson* v. *Northrop,* 33 So. on p. 423; see also, *Henderson* v. *Chaires,* 17 So. 574; *Sharp* v. *Zeller,* 38 So. 449; *Hamilton* v. *Conine,* 92 Amer. Dec. 724; *Redfield* v. *Gleason,* 15 Am: St. Rep. 889.

We submit, therefore, that the learned court below is in error on this point; that a decree here should be entered for appellant allowing him the rents, etc., found by the commissioner, with the interest allowed by the court below, against which there should be offset the amount expended by the appellee for taxes and the improvements, as found by the commissioner—thereby disallowing this claim for alleged personal services.

*S. A. Morrison,* for appellee.

My friend, Horton, in his brief, is far from fair when he makes the statement that the commissioner, ''then certified to the court two questions, upon which he heard no proofs and upon which he expressed no opinion.'' The proof in this point was exactly the same as on all others; the report of the commissioner, in this cause was an agreed one by and between appellant's counsel and myself. Every item in the same was based on statements made by Perry, over which appellant's counsel and I consulted, culled, reduced and agreed upon, except the two

questions certified up by the commissioner as questions
of law and this form of this report was also agreed upon
between us, no such objection is pressed by counsel, but
the same is stated and quite unnecessarily.   No claim
was allowed Perry for any improvement, however per-
manent, which did not go directly and immediately to
increasing the rent year by year as each year, taking into
consideration the cropping year shows; indeed, Perry
pressed no other items. It is hardly fair now to state that
no proof was taken when everything was, and of neces-
sity had to be based on Perry's statement.   These items
were taken from the books of Perry as he charged them
at the time to this plantation, charging his services in
each month against the whole (this twenty-acre claim of
Lake is a part of a track of one hundred and sixty acres
bought by Perry from the Lakes, because contiguous to
a large farm owned by him), and this charge was the
proportionate part this little strip, or one-eighth of the
one hundred and sixty acres would bear to the whole and
Lake got the benefit of one-eighth of the whole income,
there being no other way by which Perry could come in
any way close to what was due this erstwhile infant.
Perry made an exact report, a true report, based on a
certainty, since the charges were made at a time, even
had Perry been inclined to cheat, when Perry knew noth-
ing of the claim of appellant.   Both court and counsel for
appellant expressed surprise, that so much should have
been realized on so small a parcel of land, during the time,
which covered four bad crop years and one complete
overflow; nor did counsel have the slightest, at that time,
idea of appealing, but not being in communication with
client made all due exceptions and appellee, thinking the
whole matter settled, tendered the amount found due
but counsel's client wished it pushed to a finish, which he
has a complete right to demand.

The principle items allowed Perry are for building a
fence to inclose a large pasture, which was rented to

neighbors and tenants and for draining a slough, which added about twelve acres to the cultivatible land; and while not more than one-half of this whole land is now under cultivation, Perry made no claim that more than the appellant's share remained open and uncultivated by him, but reported from his books, and absolutely correct account and this shows that after paying all expenses allowed him netted more than fifteen per cent during five out of nine years of the hardest cropping years we have had. Now the amount allowed Perry for his services is a few dollars more than the interest on the claim of the appellant, but Perry made no objections as the sum was not worth it. Had Perry not given his personal attention to this seven hundred and eighty-acre farm, he would have been compelled to employ an overseer, at a larger wage than he charged against the property for his own services, all the lands being worked by share croppers, it required the constant supervision of some one to see that full work was done.

I have gone fully into this part of the matter so that with the case of *Lake* v. *Perry* heretofore decided by this court, the court may see fully where the justice of the case is and do justice by all.

WHITFIELD, C.

In 17 Am. and Eng. Ency. Law (2d Ed.), p. 688, it is said: "Joint tenants or tenants in common are not entitled to compensation from each other for services rendered in the care and management of the common property, in the absence of a specific agreement or mutual understanding to that effect." In case of *Fuller* v. *Fuller*, 23 Fla. 236, 2 South. 426, the supreme court of Florida says: "Compensation for individual services in managing or taking care of the joint property is never awarded to a cotenant, except as the result of a direct agreement to that effect, or unless from all the circumstances of the case the court is satisfied of a mutual un-

derstanding between the parties that the services rendered by one should be paid for by the other. Freem. Cotenancy, section 260." There is nothing whatever in the testimony in this record showing either any express contract to pay Perry for his services as manager of the common property, or the existence of any circumstances from which the court could be satisfied of any implied understanding between the parties for such payment. The chancellor, therefore, erred in allowing the appellee for his services as manager of the common property.

The chancellor allowed interest at six per cent. per annum on the amounts of rent due appellant, in accordance with the general rule. It is sought to question this action of the chancellor here on special grounds, as the long delay, etc., on the part of Lake in demanding his interest. But that question is not presented for our determination in any manner by this record. The solitary question before us, and which we are confined by the record, is the allowance by the chancellor of compensation to Perry as manager of the common property.

PER CURIAM. The above opinion is adopted as the opinion of the court, and, for the reasons therein indicated, the decree of the court below is reversed, and a final decree will be entered here for the appellant.