(112 So. 219)

## HENDRIX v. HENDRIX et al. (4 Div. 319.)

Supreme Court of Alabama. April 7, 1927.

**1. Tenancy in common ⬥⟿38(6)—Tenants in common may maintain action to recover rents from cotenant without joining all cotenants.**

Action by tenants in common to recover share of rents received by cotenant is maintainable without joinder of all cotenants.

**2. Judgment ⬥⟿747(2)—Decree of sale in partition suit held not res judicata to subsequent action to recover rents from cotenant.**

Decree of sale in partition proceedings for division, wherein rents claimed in subsequent action by tenants in common against cotenant had not accrued, *held* not res judicata to such subsequent action to recover rent.

**3. Appeal and error ⬥⟿1053(7)—Withdrawal of claim by tenants in common for rent against land in which they had no interest held to cure error in admitting evidence thereof.**

Where complaint in action by tenants in common to recover share of rent received by cotenant included 20 acres of land in which plaintiffs had no interest, withdrawal by plaintiffs of claim to such land and instruction eliminating such rents *held* to effectually cure any error in admission of evidence as to rents received therefrom, since inclusion thereof in complaint did not defeat right to recover as to portion as to which they did have interest as tenants in common.

**4. Tenancy in common ⬥⟿38(7)—That one count in action for rent alleged five-sevenths interest in plaintiffs, and another alleged ownership in general terms, held not a variance.**

That one count of complaint in action by tenants in common to recover share of rent received by cotenant alleged five-sevenths interest in plaintiffs, and another alleged ownership in general terms, did not subject complaint to demurrer, nor did proof of five-sevenths interest constitute variance with latter count.

Appeal from Circuit Court, Geneva County; H. A. Pearce, Judge.

Action by John Hendrix and others against C. A. Hendrix, on account, for money received by the defendant for the use of the plaintiffs, and for the use and occupation of certain lands. From a judgment for plaintiffs, defendant appeals. Transferred from Court of Appeals, under Code 1923, § 7326. Affirmed.

E. C. Boswell, of Geneva, for appellant.

Count 3 claims that plaintiffs owned five-sevenths interest in the land, and count 4 claims that plaintiffs owned the land. This rendered the complaint repugnant or duplicitous. Lusk v. Britton, 198 Ala. 245, 73 So. 492. The decree in equity was res adjudicata as to this suit. Glasser v. Meyrovitz, 119 Ala. 152, 24 So. 514; S. & N. A. v. Henlein, 56 Ala. 368; McTighe v. McLane, 93 Ala. 628, 11 So. 117; 4 Mayfield's Dig. 728. The affirmative charge requested by defendant should have been given. Carter v. Shugarman, 197 Ala. 577, 73 So. 119; Morrison v. Clark, 14 Ala. App. 323, 70 So. 200; Harris v. Sanders, 186 Ala. 350, 65 So. 136.

Carmichael & Tiller, of Geneva, for appellees.

Plaintiffs had the right to sue jointly or separately. Smith v. Wiley, 22 Ala. 396, 58 Am. Dec. 262; Patten v. Swope, 204 Ala. 169, 85 So. 513. Defendant's pleas of res adjudicata were subject to demurrer; the subject-matter of the two suits was entirely different. Said pleas neither set out the record of the proceedings in the equity suit nor state the entire effect of the decree. Karter v. Fields, 140 Ala. 352, 37 So. 204; Gilbreath v. Jones, 66 Ala. 132; Quinn v. Pratt, 177 Ala. 440, 59 So. 49; Green v. McCord, 204 Ala. 364, 85 So. 752.

BOULDIN, J. The suit is in assumpsit by tenants in common in lands to recover their share of rents received by a cotenant.

[1] The action was maintainable without the joinder of all cotenants. Plaintiffs were entitled to recover the share of rents coming to them. McCaw v. Barker, 115 Ala. 543, 22 So. 131; Ala. Fuel & Iron Co. v. Broadhead, 210 Ala. 545, 98 So. 789.

[2] The pleas of res adjudicata setting up the proceedings for partition in equity, resulting in a decree of sale for division, do not set forth so much of the proceedings in substance and effect as to show that the rents in controversy were within the issues presented and adjudicated in the partition suit. In fact, the pleas taken in connection with the complaint show none of the rents claimed had accrued at the time the bill was filed. The rents of 1924 had not accrued and do not appear to have been received when the final decree of sale was rendered in the partition suit.

The demurrer was properly sustained to the pleas of res adjudicata. Glasser v. Meyrovitz, 119 Ala. 152, 24 So. 514.

[3] That the complaint included 20 acres of land in which plaintiffs had no interest did not defeat the right to recover for rents on that portion in which they did have an interest as tenants in common. That the court, because of the inclusion of lands not owned by plaintiffs, announced a purpose to continue the cause, whereupon plaintiffs withdrew the claim as to 20 acres not owned, and the court proceeded to properly instruct the jury eliminating such rents, is not a matter of complaint to the defendant. This effectually cured any error in admission of evidence as to rents received from the 20 acres.

[4] That one count of the complaint alleged five-sevenths interest in plaintiffs, and

another alleged ownership in general terms, in no wise subjected the complaint to demurrer; nor did proof of five-sevenths interest constitute any variance as to the latter count. Plaintiffs could recover for their share of rents due for part interest in all or a portion of the lands. Besides, under the undisputed evidence, the recovery was properly had under the common counts in assumpsit, not on the counts for use and occupation.

The general charge as to the whole complaint was properly refused.

Other assignments of error insisted upon are so patently without merit as to call for no discussion.

Affirmed.

ANDERSON, C. J., and SAYRE and GARDNER, JJ., concur.