159 So. 488

**STAPLES v. PEARSON et al.**

**I Div. 836.**

Supreme Court of Alabama.
Jan. 24, 1935.

Rehearing Denied Feb. 21, 1935.

Inge, Stallworth & Inge and Pillans, Cowley & Gresham, all of Mobile, for appellant.

Harry T. Smith & Caffey, of Mobile, for appellees.

64

FOSTER, Justice.

We refer to the former appeals in this case, Powell v. Pearson, 222 Ala. 199, 131 So. 571; Id., 220 Ala. 247, 125 So. 39; Rutland v. Emanuel, 202 Ala. 269, 80 So. 107.

The title to the property was settled finally on those appeals. Appellant (Staples) and one Powell acquired the right to the use of the property from the life tenant by an instrument which is therein termed a lease. Whether it is a lease or a conveyance will be referred to again, and the bearing on the issues which that instrument has also considered. Appellant (Staples) and Powell (the latter not appealing) assumed, we believe from the evidence, that when they also acquired a conveyance from the Mitchell heirs, they, by the two transactions, became the owners in fee of all the interests, subject to their obligations expressed in their "lease" from the life tenant, continuing during her life. The life tenant, Mrs. Carter, died in April, 1928. Appellant purchased from the Mitchell heirs in May, 1926, and in the same month, on a prior day, acquired the lease from Mrs. Carter. It was held on former appeals that Staples and Powell acquired from Mitchell only an undivided interest as a tenant in common in remainder, along with the others who are parties.

There are two contentions on this appeal made by appellant. He and Powell claim to have made permanent improvements which materially enhanced the value of the property as of the date of the falling in of the life estate, as well as repairs during the tenure of the life tenant. They claimed allowance for the (1) permanent improvements, not the repairs; (2) compensation for managing, operating and keeping it in condition and producing an income after the life estate terminated. Both claims were disallowed by the court, which rendered a final decree from which this appeal is prosecuted.

The evidence shows that the improvements were made in good faith and were of substantial value to the remainder at the time the other tenants in common became entitled to possession; and that appellant and Powell claimed to own the remainder to the exclusion of the others. The litigation shown on the appeals to this court, and the close nature of the question finally determined against them, satisfy us that the claim was made in good faith.

■ The question of law which is of most importance on the issue now before us first arose and was clearly settled in the case of Johns v. Johns, 93 Ala. 239, on page 244, 9 So. 419, 421, as applicable to one holding a life tenancy and a proportionate interest in remainder, where it is thus stated: "Permanent improvements made during the life-tenancy, such as added to the permanent value, and so added at the time the life-estate fell in, will be a proper credit to the defendants, not at the cost of their erection, but at the enhanced value they imparted to the land at the time the right of the complainants to occupy accrued,—the death of the life-tenant." It was reaffirmed in Chambers v. Hunton, 222 Ala. 482, 132 So. 713. This principle is supported by many authorities [47 Corpus Juris 471; Smith v. Smith, 133 Ga. 170, 65 S. E. 414; Shipman v. Shipman, 65 N. J. Eq. 556, 56 A. 694; Hall v. Piddock, 21 N. J. Eq. 311; Brookfield v. Williams, 2 N. J. Eq. 341; Killmer v. Wuchner, 79 Iowa, 722, 45 N. W. 299, 8 L. R. A. 289, 18 Am. St. Rep. 392; Broyles v. Waddel, 11 Heisk. (Tenn.) 32], and is now the settled law of Alabama. But it does not apply where the life tenant making the improvements has no interest in the remainder. Chambers v. Hunton, supra; Sumner v. Bingham, 210 Ala. 446, 98 So. 294; Broyles v. Waddel, 11 Heisk. (Tenn.) 32; Killmer v. Wuchner, supra.

A cotenant making permanent improvements valuable to the remainder is doing the same thing whether it is during the life tenancy or not, or whether he owns the life estate or has it under lease. The important matters of interest to the question are that the improvements were made by a cotenant in possession claiming the property in good faith, that they were of permanent value to the property, and to the remainder interests in it, and made during the existence of the cotenancy, whether or not the possessory right of the cotenants then had come into being, provided the improvements permanently enhanced its value as of the date when it did come into being and to the extent that all the cotenants are benefited by it. We have several cases which apply the rule when the improvements are made after the possessory right has begun. Porter v. Henderson, 203 Ala. 312, 82 So. 668; Winsett v. Winsett, 203 Ala. 373, 83 So. 117; McDaniel v. Louisville & Nashville Railroad Co., 155 Ala. 553, 46 So. 981. Our cases cited above give it effect also when the improvements were made during the life tenancy, by a cotenant in remainder who owned the life estate.

It is true that in both cases the cotenant in remainder also owned the life estate when the improvements were made. But it was not that circumstance which helped the cotenant in getting the benefit of them.

Counsel also argue that the principle does not apply when the cotenant making the improvements is in the adverse possession of the property. But we can see no occasion for adverse possession to prohibit its application, when the cotenant so in possession has a bona fide belief in his complete ownership, and the improvements are such as to be reasonable and not intended to and did not have the effect of burdening the other cotenants. In Johns v. Johns, supra, the cotenant was in the adverse possession.

■■ In this suit appellant claims to have made repairs and permanent improvements during the life tenancy, but does not seek to be reimbursed for repairs made during such tenure. He cannot have the benefit of such repairs, because it was a duty for his own benefit as the life user, to keep the property in repair, and he was obligated to do so in the lease. Whether the instrument called a lease is a letting by the tenant (for life) in possession, or an assignment of his interest, depends on the intention of the parties, and whether the tenant parts with his entire interest for the term, reserving no reversionary right. Johnson v. Thompson, 185 Ala. 666, 64 So. 554; Johnson v. Moxley, 216

Ala. 466, 113 So. 656; Nunnally Co. v. Bromberg & Co., 217 Ala. 180, 115 So. 230.

But as to the permanent improvements now claimed, they are alleged to have been made while the cotenant doing so was in possession under the life tenant, with no duty in that respect, but in good faith believing that he owned the entire remainder.

■ We think it is immaterial whether he be treated as a lessee of the life tenant or an assignee, in so far as his right to reimbursement for such permanent improvements is concerned. If the claim for improvements is allowable, and we think it is shown to exist in this case, the just amount may be either credited against the amount due by appellant and Powell for rents, etc., or deducted from the purchase money, and paid them before it is divided. The authorities here cited hold this. But appellees contend that the question is not properly presented for review.

The amended answer of Staples and Powell filed March 11, 1931, after this court had determined that they had only a cotenancy in the remainder, alleged that they had in good faith made the improvements now claimed, alleging the facts necessary to entitle them to the claim here fully discussed, and making claim for the amount upon the accounting. In a previous answer they had made an effort at making a similar claim. After the filing of the earlier answer, and before the latter one, appellees filed a motion reciting that Staples and Powell had claimed in their answer credit for repairs and improvements alleged to have been made on the property, and moved the court to require them to file an accounting of all rents, etc., received after the death of the life tenant, setting forth all credits claimed by them. The court made an order July 17, 1931 (after the amended answer was filed), with an opinion in which the judge held that improvements made by a cotenant during the tenure of the life estate were not subject to reimbursement as they are when made after the life estate fell in, and granted the motion. It is true that the order directed him to set forth his credits in his statement. The statement did not set forth credits for the improvements. The opening statement of counsel for complainant, and for Staples and Powell (record, pages 107 and 108) on the reference, shows that the interpretation of this motion and the order of the court was to disallow the claim for improvements as made in the answer. There was proof of the allegations of the amended answer. The improvements were

not included in the report of the register. In it he mentions the fact that this claim had been disallowed by the court. Appellant did not except to the report. The court confirmed the report, and made final decree without referring to the amount of the improvements.

We think that counsel for both parties and the court understood the order of July 17, 1931, to be in conformity with the opinion expressed in it; that all such parties and the court treated the question as thus determined by the court. We think that it should be so interpreted; and that the record as a whole shows that the court denied this claim, but that it should have been allowed in principle. We do not intend to find the exact amount of such claim, but that it should be referred to the register, or otherwise found by the court, so that it may be ascertained pursuant to the principles to which we have referred.

■ And now with respect to the second contention of appellant; that the court erred in not allowing Staples and Powell credit for compensation for managing, operating, and supervising the joint property after the life estate fell in. We think the court was correct in disallowing this claim. The rule is generally observed that "Compensation for individual services in managing or taking care of the joint property is never awarded to a cotenant, except as the result of a direct agreement to that effect, or unless from all the circumstances of the case the court is satisfied of a mutual understanding between the parties that the services rendered by one should be paid for by the other." Lake v. Perry, 99 Miss. 347, 54 So. 945; Fuller v. Fuller, 23 Fla. 236, 2 So. 426; Freeman on Cotenancy, § 260; 62 Corpus Juris 487; Russell v. Russell, 62 Ala. 48, 51; Strother's Adm'r v. Butler, 17 Ala. 733.

■ Appellant argues that his possession of the property and the appropriation of the rents to his own use constituted him a trustee for the other tenants in common, and entitled him as such trustee to reasonable compensation for services rendered. But in the absence of an agreement express or implied the trust was in invitum. Thompson v. Thompson, 107 Ala. 163, 18 So. 247; Tarleton v. Goldthwaite's Heirs, 23 Ala. 346, 58 Am. Dec. 296. The relation is similar to that of an executor de son tort. We have held that an executor de son tort is not, as a matter of law, entitled to compensation. Lowery v. Lowery, 225 Ala. 376, 143 So. 556.

This was shown to be the rule in the absence of an agreement. It all comports with

the theory adhered to in respect to compensation to a cotenant for his personal services in respect to the common property, when he is in the adverse possession, claiming it all, and appropriating to himself the rents, income, and profits. We find no error in respect to this contention of appellant.

### Appellees' First Cross-Assignment.

Appellees have made cross-assignments of error. Considering the first, we think it is well taken. When a cotenant has received rents from the common property and appropriated them or failed promptly to pay to the others interested their respective shares, an action at law will lie by such others. McCaw v. Barker, 115 Ala. 543, 22 So. 131; Hendrix v. Hendrix, 215 Ala. 646, 112 So. 219.

In some instances equity has jurisdiction to compel an accounting when an action at law does not provide an adequate remedy. Nelms v. McGraw, 93 Ala. 245, 9 So. 719; McCaw v. Barker, supra. In either form of action, it is a proceeding to recover money on a contract implied by law or for the failure to perform a duty required by law; and by the express language of section 8564, Code, the obligation bears interest from the day such money should have been paid.

The money was not due to be paid until appellant had received enough to reimburse himself for the lawful charges to which he was entitled to credit, and which had accrued and were due him at the time when such rents were received. Thereafter he was due to pay to the other cotenants their respective shares immediately upon the receipt of each installment of rent. A failure in that respect fixed a charge for interest from the date of such failure as to each item. Tarleton v. Goldthwaite's Heirs, supra; Whitworth v. Hart, 22 Ala. 343; Zimmern v. Standard Motor Car Co., 205 Ala. 580, 88 So. 743; 62 Corpus Juris 451–2.

### Appellees' Second Cross-Assignment.

Appellees have also assigned as error the allowance to Staples and Powell for taxes assessed and paid on the common property after the life estate fell in. The assessments were made to Staples and Powell as though they were sole owners as they claimed. No assessments were made to the other cotenants, and they paid no taxes. The property was subject to a lien for taxes whether assessed or whether it had escaped assessment. An assessment to Staples and Powell furnishes no notice to the other cotenants, nor unqualified right to contribution, or credit on account. But they were entitled to such credit for the just share of the other tenants in common in the just and true amount due to be paid for taxes, for which a lien existed whether the assessment had been made to all the tenants or to some of them only. But unless made to all of them, the assessments as made, alone, did not furnish conclusive proof that the amount was correct. But we think they furnished prima facie proof that it was correct, and imposed on the other tenants the burden to overcome the prima facie effect of the assessment. 62 Corpus Juris 484, 485, note 87.

Appellees' third cross-assignment of error is not now insisted on.

### Appellees' Fourth Cross-Assignment.

This assignment relates to an allowance made to Staples and Powell by the register and the court for bookkeeping and auditing fees paid by them for keeping an account of their transactions for rents and repairs and other charges, which occurred after the life estate fell in, and while they were holding the property adversely. We have shown that their relation to the other cotenants was equal to an ouster and constituted them trustees in invitum of the rents. As with an executor de son tort, they cannot make charge for expenses which originated out of their own wrong. They can claim credit for necessary repairs because they did not arise out of their own wrong. But their expenses in connection with their wrongful conduct are not chargeable to their cotenants.

Our view is that Staples and Powell can no more have credit for the expense of bookkeeping in respect to the rents, income, and profits than they can for the value of their personal services. There was therefore error in the decree as shown by appellees' fourth assignment.

For the errors we have shown, the decree is reversed, and the cause remanded.

Reversed and remanded.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.

### On Rehearing.

FOSTER, Justice.

In stating the rule which allows a life tenant, holding a proportionate share in remainder, to be reimbursed for permanent improvements on a sale for division, after the life tenancy has terminated, we quoted from Johns v. Johns, 93 Ala. 239, 9 So. 419, to

the effect that such allowance was proper, not always at the cost of the improvement, but at the enhanced value of the land at the death of the life tenant.

We do not know whether the issues involved in that case were affected by a difference in value at that time, and at the time of the sale. We think the court was emphasizing the fact that it was not so much at the cost of the improvement but at the enhanced value of the land thereby occasioned when the other tenants were benefited by it, without contemplating that such improvements might not benefit the tenants as much at the time of the sale, as when their possessory rights accrued. Neither did it occur to us in writing the opinion that such might be the situation in this suit.

In Porter v. Henderson, supra, the rights of the parties were said to depend upon the amount which the property will bring at the sale as thus augmented. In McDaniel v. Louisville & Nashville R. Co., supra, the question was considered upon the assumption that the cost of the improvements would be reflected in the amount of the sale. It was there held that the tenant in common making the improvements, a railroad company, and who had continuously been in possession since they were made, should be held accountable for the rental value of the land without the improvements. It is said in Chambers v. Hunton, supra, that the court was without error in following the course pursued in McDaniel v. Louisville & Nashville R. Co., supra.

In the instant case, the improvements are shown to have been of substantial value and that the building so improved was an office building; that appellant and his associate have collected a large amount of rents for which they must account; much more than the amount claimed as the value of the improvements at the time the life estate. terminated. But we do not understand that the evidence related to the relative value of the improvements as of the termination of the life estate and of the date of the decree, nor the extent to which the improvements increased the amount of rents collected during that period.

The court should settle the whole matter upon an equitable basis, so that the cotenants will not be burdened, nor appellant unjustly charged. It could either require appellant to account for the rents upon the basis of the gross amount collected including that occasioned by the improvements, and reimburse him for the value of the improvements at the termination of the life estate, or charge him with the amount of the rents collected other than such as accrued as the result of the improvements, if this can be ascertained with reasonable accuracy, and reimburse him for their value as of the approximate date of the sale; or on some other equitable basis. It is not necessary to fix a hard and fast rule in that respect, but a court of equity is elastic enough in its powers to provide for the rights of the parties under such circumstances as may be disclosed by the evidence.

To this extent the opinion is extended and the application for rehearing overruled.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.