186 So. 470

### GORDON v. McLEMORE.

#### 3 Div. 249.

Supreme Court of Alabama.

Jan. 19, 1939.

Rehearing Denied Feb. 16, 1939.

Hill, Hill, Whiting & Rives, of Montgomery, for appellant.

Eugene Ballard and Rushton & Rushton, all of Montgomery, for appellee.

FOSTER, Justice.

This is a suit in equity filed July 1936 by appellant for the partition of approximately 250 acres of land in Montgomery County. The bill alleges that complainant owns an undivided one-third interest and that respondent owns an undivided two-thirds interest.

The respondent filed an answer and cross-bill. He set up claim to the entire interest in the land, under a mortgage and its foreclosure executed by complainant to his predecessor, Miss Laura McLemore, embracing a two-thirds interest, and that her brother Dr. Cobb owned the other third: that he acquired said one-third interest under a tax sale; that he and his predecessor have had possession since the mortgage was foreclosed in January 1933, and have paid the taxes on it all; and that he has made permanent improvements on the land: that it is not capable of division in kind, and if complainant has any interest it cannot be set off to her; and seeks to have his title established and quieted. There was a general denial of those allegations in answer to the cross-bill.

Complainant claimed to own the one-third interest of Dr. Cobb, her brother, who died, leaving his property to his widow, who in turn conveyed his interest in the land in question to complainant.

The evidence was that for the year 1931, the land was assessed to Mrs. Gordon and

Dr. Cobb. They did not pay the taxes. It was sold for taxes so assessed, and in August 1932 bought in for Miss Laura McLemore. A certificate of purchase was issued but it was not reported as sold, and there was no decree ordering it sold, and no tax deed was ever made. For 1932 it was also assessed to Mrs. Gordon and Dr. Cobb, but they did not pay the taxes and it was paid by McLemore. The mortgage was then foreclosed in January 1933. The land was not in condition to rent for much profit. While some of it was rented for 1933, only $30 was collected, and no rents were shown to have been collected thereafter.

After the present suit was begun and in January 1937, respondent built a barn on the land at a cost of $350, and rebuilt a tenant house which was then of no practical value, at a cost of $150.

The court held that the tax sale under which appellee claimed the land was not effective and that complainant owned an undivided one-third and respondent a two-thirds. Respondent is not complaining of this ruling.

The court also found that the land could not be equitably divided without a sale, and ordered its sale for that purpose. He also found and decreed that respondent and his predecessor had paid the taxes on the land for the years 1931, 1932, 1933, 1934, 1935 and 1936, and allowed him fifteen per cent. interest on the amounts so paid and an attorneys' fee, on the authority, as claimed by respondent's counsel, of section 3108, Code. He also found that respondent had in good faith made permanent improvements. He decreed that the value of the permanent improvements of $500 be allowed respondent out of the proceeds of sale, and after payment of the costs and expenses and an attorneys' fee to complainant's counsel, the balance be divided into three parts; two of which were ordered paid to respondent, and from the remaining one-third the amount of taxes paid by respondent with interest at fifteen per cent per annum, aggregating $327.10, and an attorneys' fee of $50, be subtracted and paid to respondent, and the balance of said share be paid to complainant.

Complainant appeals and insists that there was error (1) in holding that the land could not be equitably divided without a sale, (2) in holding that respondent was entitled to the value of his permanent im-

provements, and (3) in holding that from complainant's share should be deducted the amount of taxes paid by respondent, with fifteen per cent. interest and an attorneys' fee for respondent.

■ 1. Was the order of sale for division, instead of a partition in kind, erroneous as a deduction from the evidence? The evidence was taken orally in open court. The witnesses referred to physical conditions and pointed out details on the map which are not clear to us, but which were doubtless clear to the trial judge. The result is a finding from that evidence. Giving it the presumptions which obtain under such circumstances, we cannot reverse it as being contrary to the great weight of the evidence. We think a discussion of the evidence on that issue would serve no useful purpose.

■ 2. Was there error in that part of the decree which provides for the payment out of the proceeds of sale the sum of $500 for the permanent improvements, which we have described? It is our judgment that in this respect there was error, as we will undertake to show. We have a line of cases in this State which hold that if a tenant in common is in possession of land with a bona fide claim of full ownership, not knowing of the claim of another to be a cotenant, and makes such permanent improvements on the land as to enhance its market value, if it subsequently developes that another owns an undivided interest and the land is sold for division in equity, the court will ascertain the true amount of the market value which such improvements added to the sale price, and out of the proceeds to be refunded to the cotenant who thus enhanced the sale value of the property. Staples v. Pearson, 230 Ala. 62, 159 So. 488, 98 A.L.R. 852; Porter v. Henderson, 203 Ala. 312, 82 So. 668; Winsett v. Winsett, 203 Ala. 373, 83 So. 117; McDaniel v. Louisville & Nashville R. Co., 155 Ala. 553, 46 So. 981. Compare L.R.A.1915B, 962, notes.

And that if the land is divided without a sale that on which the permanent improvement was made ought under those circumstances to be set aside to him who made them. Sanders v. Robertson, 57 Ala. 465; Horton v. Sledge, 29 Ala. 478; Ferris v. Montgomery Land & Improvement Co., 94 Ala. 557, 10 So. 607, 33 Am. St.Rep. 146.

But there is this distinction, that when there is a partition in kind equity may

award to the cotenant the part improved by him, though he knew of the other interests, if the improvements were made "without any intention of embarrassing or obstructing a partition, or gaining an advantage therein, and there is no good reason why he should not be allowed to retain the part improved by him, if his improvements in fact do not constitute a hindrance or obstacle in the way of the other co-tenants getting their full shares on the division of the property." Ferris v. Montgomery Land & Improvement Co., supra, page 566, 10 So. page 610.

In the case of McDaniel v. Louisville & Nashville R. Co., supra, the facts were stated to be that the improving tenant had the bona fide belief that it held and owned the land exclusively. That was a sale for division.

And in Porter v. Henderson, supra, which was also a suit for sale for division, it was pointed out that the improving tenant must be without knowledge of the outstanding interests.

We think that the distinction is based on sound reasoning. When valuable permanent improvements are made by a cotenant with knowledge of an outstanding co-share, they probably cast a burden on a sale of the tract which may be made. They will enhance by that amount the purchase price, if it is allowed at all, and thereby decrease the number of prospective purchasers. He may be better able to buy at the enhanced value than the other share owners. It therefore tends to constitute a hindrance or obstacle in the way of the others getting their full share. Whereas this would not be so if that part were simply set off to the improving cotenant.

In this case the improvements were made after this suit was begun, and with knowledge that she had a just claim and without her consent. Moreover, the mortgage under which respondent claims only included a two-thirds interest. He knew that he had no tax title and that there was outstanding a valid claim to a one-third interest. These matters cannot be ignored nor forgotten by respondent upon his assertion of full ownership. And under no circumstances would the value of the improvements made pending suit in equity for partition be allowed without first obtaining the approval of the court or consent of the parties. It could not then be in good faith as we understand what that means in such a situation.

3. Was there error in charging appellant, payable out of her share, with the full amount of the taxes paid by respondent, and with fifteen per cent, interest and with $50 for an attorney's fee? Respondent seems to rely on section 3108, Code, to justify this feature of the decree. But we cannot agree that it justifies a charge against complainant's one-third interest of more than one-third of the amount of the taxes and costs paid, or that it justifies an allowance of fifteen per cent. on the proper charge of one-third of the amount, or that it justifies an attorney's fee in any sum whatever, as applied to the facts of this case. In the first place, it is apparent to us that section 3108, Code, never contemplated that a person would be by that process chargeable with an amount of taxes which he is not in equity due to pay or on which his property right was not subject on an accounting with his cotenants.

We held in Staples v. Pearson, supra, and here repeat the principle, that when a cotenant assesses the entire interest in the land to himself and pays the taxes, the other cotenants are prima facie due him for their pro rata share of the amount so paid with lawful interest until it is repaid. But that is the full extent of their liability on that account.

For the years 1931 and 1932, the assessments were made to Mrs. Gordon and Dr. Cobb. Respondent had no interest in the share owned by Dr. Cobb. His payment of it all entailed a liability by Dr. Cobb to respondent in protection of his share in the property. Therefore his proportionate interest in it passed to Mrs. Gordon with that burden. And though the land was thereafter assessed to respondent who paid the taxes, there is no principle that thereby the third interest of Dr. Cobb was chargeable with it all. Personally Mrs. Gordon was not liable either before or after foreclosure on that account. Before foreclosure she owed a two-thirds share of the tax debt. But this was paid by the mortgagee. It then, under the terms of the mortgage, became a part of the mortgage debt. There is no claim of a deficiency of that debt remaining after foreclosure. Subsequent to the foreclosure it was to the extent of two-thirds the obligation of respondent as owner of that interest in the land. There is no principle by which Mrs. Gordon is liable for that.

274

■ Section 3108, Code, is nothing more than a provision prescribing a certain method of redemption from a tax sale, effective when a suit is pending in court such as contemplated by it. Green v. Stephens, 198 Ala. 325, 73 So. 532; Bell v. Propst, 220 Ala. 641, 127 So. 212; Morris v. Card, 223 Ala. 254, 135 So. 340; Burdett v. Rossiter, 220 Ala. 631, 127 So. 202; Watson v. Baker, 228 Ala. 652, 154 So. 788; Chesnutt v. Morris, 223 Ala. 46, 135 So. 344.

It is not necessary that the owner whose land has been sold, and when he remains in possession to wait to be sued by the purchaser, to have the benefit of redemption under this statute. Authorities supra. But its whole purpose is to enable such a person to have that method of redemption not affected by the two year statute of limitations under section 3109, Code. It was never intended nor do its terms import that by it a purchaser is vested with the right to collect the amount he has expended for the taxes, though the sale is invalid.

That remedy is provided by sections 3101 and 3102, Code. In the former, when the purchaser sues, in the latter when he is sued, and he claims under a tax sale. In one the interest is at the rate of fifteen per cent. and in the other at twelve per cent. But in no event for more than the land owner owes. The provision for attorney's fee is only embraced in section 3108, not here applicable; and as to that, it is said that the statute should be strictly construed. National Fireproofing Corporation v. Hagler, 226 Ala. 104, 145 So. 421.

Sections 3101 and 3102, Code, should also be construed in the light of other principles of law evidently not intended to be affected.

■ The relation of cotenancy quickens certain duties and obligations which should be applied apart from those sections. The purchase at a tax sale by one tenant in common inures to the benefit of the others when such right is duly asserted. Aussie Bailey v. Maggie Bond, Ala.Sup., 185 So. 411;[1] Sullivan v. Parker, 228 Ala. 397, 153 So. 858; Johns v. Johns, 93 Ala. 239, 9 So. 419.

This is true even when he thereby acquires a good and perfect tax title. But when, as here, there was no effort at compliance with the tax sale law, when a cotenant buys it will be treated merely as a payment of the taxes for which he has a claim on the share of his cotenant when there is an accounting between them, and for which other remedies may be available, all as fixed by the rules of law. The sections of the Code mentioned were not intended to apply to that situation because other principles clearly are controlling.

■ There is some controversy as to whether the tax sale in this instance was intended to be carried out as such or that it should be treated merely as a payment by the cotenant. But we think it is immaterial in this suit. In this, a court of equity, the rights of the parties will be decreed on equitable principles. Under no aspect is appellant due to account to appellee for the full amount of the taxes he paid nor for fifteen per cent. on any of it nor for an attorney's fee. But is she due to refund to respondent or account for any sum whatever? It is well settled as we pointed out in Staples v. Pearson, supra, that when a tenant in common is in possession by and through tenants, and collects rents for which he is due to account to his cotenants, he can deduct the amount of taxes he paid in computing the amount he owes them.

But when a cotenant is in possession using the property on his own account, and under such circumstances that he is not chargeable with any amount for such use and occupation, and pays the taxes during that period, whether he can hold his cotenants to account for their pro rata share of such expenditure is a question which we do not find has been before this Court, and on which there is a conflict of authority elsewhere. See 48 A.L.R. 593; 14 Am.Jur. 114, sec. 47, notes 4 and 5; 7 R.C.L. 824, sec. 19, note 2; 62 Corpus Juris 484, sec. 124, note 80; L.R.A.1915B, 971, 972.

But we think the rule stated in 7 R.C.L. 824 is equitable and reasonable, and is approved by us, as follows: "A cotenant in sole possession and receiving all the profits derived from the property (not now including rents received from tenants, nor applying when he is accountable for the rental value, we interpolate) is deemed to have undertaken the discharge of certain duties to his cotenants, such as preserving the property by making needful ordinary repairs * * * and payment of taxes and other annually maturing liens," and is not entitled to contribution from them.

_____
[1] Ante, p. 59.

There do not seem to be many cases directly in point, but this is supported by some which seem to be well considered. Victoria Copper Min. Co. v. Rich, 6 Cir., 193 F. 314, 113 C.C.A. 238; Wistar's Appeal, 125 Pa. 526, 17 A. 460, 11 Am. St.Rep. 917.

The mortgage by Mrs. Gordon was made to Miss Laura McLemore, an aunt of respondent A. J. McLemore. It was she who paid the taxes for 1931, 1932, and, perhaps, 1933 and 1934. A. J. McLemore bought the land from her in December 1935, and assessed it to himself and paid the taxes for 1935 and 1936. This suit was begun in July 1936. When Miss McLemore paid the taxes for 1931, 1932, she was not in possession. The mortgage was foreclosed in January 1933 when she took possession. She collected no rent and had no benefits from it for those years. Clearly she has a claim against Mrs. Gordon for one-third of the taxes paid for those years, with interest at the legal rate. For the year 1933, she collected $30 from a tenant. So that appellant is due to account to her for one-third of $20, since she paid $50 taxes for that year. For the year 1934, she also paid $50 taxes, but that year she collected no rent, but allowed the tenant to make repairs to the house in an amount equal to the rent agreed on. In 1935, the tenant left without paying any rent, and none was collected. She paid $50 taxes for that year. So that for 1934 and 1935, appellant is due to be charged with one-third of $50 and interest for each year. In 1936, A. J. McLemore having bought the land took charge of it. He put his brother Klinton McLemore in possession. The latter lived across the road from it. He had possession for 1936 and 1937. What arrangement he had with respondent about its use was not brought out by the evidence. It does not show that he rented it, but only that respondent put him in possession, and that he had it in possession those two years. This suit was begun in July 1936, so that such possession and use for 1936 and 1937 was pending this suit.

We do not think the principle applies that pending a suit the possession of a cotenant implies an obligation to pay taxes. What he paid out in that respect was a legal charge, necessary to be paid by some one. If complainant had sought to do so, respondent could have been charged with the rental value pending the suit or the amount collected, but she is chargeable with her share of the charges necessary to be made.

The result is that the decree of the circuit court in equity is affirmed in part and in all respects, except that it is reversed in so far as it provides for the payment to appellee of $500 on account of improvements, and in so far as it provides for a deduction from appellant's share of $327.10 for taxes and $50 for an attorney's fee and their payment to appellee; and a decree is in part here rendered so that there shall be deducted and paid appellee nothing on account of improvements made by him, and so that there shall be deducted from the share of appellant and paid to appellee on account of taxes paid by him an amount to be ascertained by the clerk as follows:

For 1931, one-third of $68.30—$22.75 and interest from Aug. 20/32

1932, one-third of $65.00—$21.66 and interest from Dec. 31/32

1933, one-third of $20.00—$ 6.66 and interest from Dec. 31/33

1934, one-third of $50.00—$16.66 and interest from Dec. 31/34

1935, one-third of $50.00—$16.66 and interest from Dec. 31/35

1936, one-third of $52.50—$17.50 and interest from Dec. 31/36.

The clerk will calculate the interest at eight per cent. till February 9, 1935, and thereafter at six per cent. to the date of this judgment. No other amount shall be deducted from her share. Appellee is taxed with the cost of appeal in both courts.

Affirmed in part, and in part reversed and rendered and remanded.

GARDNER, THOMAS, and BOULDIN, JJ., concur.