33 So.2d 16

**REHFUSS v. McANDREW et al.**

1 Div. 290.

Supreme Court of. Alabama.

Dec. 18, 1947.

Johnston, McCall & Johnston, of Mobile, for appellant.

56

Caffey, Gallalee & Caffey, of Mobile, for appellees.

FOSTER, Justice.

The question on this appeal is whether the bill in equity here involved shows that a cotenant (appellant) of real estate is liable to account to the other cotenants on account of amounts received from lodgers who were allowed by her to occupy rooms in the dwelling house so owned, and in which appellant also resided. The bill is filed by the other cotenants, and seeks a sale for division and accounting. It alleges that appellant was living in the house with their common mother who owned it at the time of her death. That appellant continued to live in the house after the appointment of an administrator of the estate, and declined and refused on demand of the administrator to surrender possession to him as such, and thereafter rented and subrented rooms in the house and collected the rents therefrom, and declined and refused to account for the same to the administrator or to complainants, the other tenants in common. Demurrer to the bill was filed by appellant. The administrator was made a party respondent, but the record does not show whether he has made any defense.

■■ The bill also alleges that claims have been filed against the estate. Of course these claims must be taken care of before a distribution of the proceeds of the sale of the land can be made among the heirs. And for that purpose the administrator is a necessary party. Hopkins v. Crews, 220 Ala. 149, 124 So. 202; Garth v. Ewing, 218 Ala. 143, 117 So. 665. The administrator is entitled upon his demand to the possession of the house pending administration when there are debts. He is alleged to have made the demand, and the bill alleges the existence of claims filed against the estate. Hopkins v. Crews, supra; Snodgrass v. Snodgrass, 176 Ala. 160, 57 So. 474. So that whatever rights and equities the tenants in common may be able to sustain will be subordinate to that of the administrator for the purpose of paying debts. The interests of the tenants in common affected by what we may hold on this appeal by the respondent whose demurrer was overruled, cannot affect the right of the administrator. But this bill does not show that there is not sufficient personal property to pay the debts nor other matter affecting the rights and duties of the administrator in the premises.

■ It is well understood, and not here controverted, that in a suit for partition the claim by some of the cotenants that others should account for rents collected may be determined, and if found to exist charged against them on distribution. Griffin v. Ayers, 233 Ala. 389, 171 So. 719; Spence v. Spence, 239 Ala. 480 (4 and 5), 195 So. 717; section 189, Title 47, Code of 1940.

So that we reach the merits of the question argued. That is, whether the court should have sustained the demurrer of respondent to that aspect of the bill set up in

paragraph fifth, which seeks to hold her liable to account for rents collected by her since her mother's death on the furnished rooms which belong to all the tenants in common.

In that connection we note the principle well settled in Alabama, that "where one tenant in common actually receives rents for the common property from those to whom he rents it, he may be compelled to account for such profits actually received." McCaw v. Barker, 115 Ala. 543, 22 So. 131, 132; Gayle v. Johnston, 80 Ala. 395, 396; Sanders v. Robertson, 57 Ala. 465; Hendrix v. Hendrix, 215 Ala. 646, 112 So. 219; Staples v. Pearson, 230 Ala. 62(7), 159 So. 488, 98 A.L.R. 852; Lake v. Sealy, 231 Ala. 466, 165 So. 399; Henderson v. Stinson, 207 Ala. 365, 92 So. 453; Wheat et al. v. Wheat et al., 190 Ala. 461, 67 So. 417; Tarleton v. Goldthwaite, 23 Ala. 346, 58 Am.Dec. 296.

It is also well understood that a tenant in common in possession by virtue of his own title is not liable to his cotenants for use and occupation unless he actually excludes his cotenants from the premises. Newbold v. Smart, 67 Ala. 326; Fielder v. Childs, 73 Ala. 567; Warner v. Warner, 248 Ala. 556, 28 So.2d 701; Terrell v. Cunningham, 70 Ala. 100; Ferris v. Montgomery Land & Improvement Co., 94 Ala. 557, 10 So. 607, 33 Am.St.Rep. 146; Cochran v. Leonard, 204 Ala. 163, 85 So. 693; Kennon v. Wright, 70 Ala. 434; see, Annotations 27 A.L.R. 185.

The possession here referred to is of the entire premises. If such tenant in common occupies and uses the entire premises, without a contract to pay the other tenants and without an ouster, the entire income from such use belongs to the occupying tenant with no duty to account to the others. This includes crops thus grown. Kennon v. Wright, supra. This is of course subject to the rights and duties of the administrator.

Some emphasis was made in Cochran v. Leonard, supra, upon the fact that the relation created by the agreement between the cotenant and share cropper was that of laborer under section 4743, Code of 1907, as it had been amended by the Acts of 1915,

pages 112, 113, and again amended as it went into the Code of 1923, section 8807, —section 23, Title 31, Code of 1940. But we do not think it woud be decisive whether under the interpretation of that statute the land cultivated for the cotenant in possession by a share cropper was as a tenant as defined by the statute or as a laborer. It is after all only a form of management in its cultivation and use by the cotenant, and under his control and use of the premises. Ferris v. Montgomery Land & Improvement Co., supra, 94 Ala. at page 563, 10 So. 607, 33 Am.St.Rep. 146; Henderson v. Eason, 7 Q.B. 701, 117 Eng. Reprint 1451. That is different from Gayle v. Johnston, supra, where the land was rented for a fixed amount and rent notes taken from the tenants.

In Fox v. Windemere Hotel Apartment Co., 30 Cal.App. 162, 157 P. 820, it was held that one was a lodger and not a tenant when the furnished rooms rented were under the direct control and supervision of the owners, who attended them and retained keys thereto.

The difference between a tenant and lodger seems to hinge on whether an occupant has the exclusive possession or merely the use without the actual or exclusive possession. 35 Corpus Juris 954; 51 C.J.S., Landlord and Tenant, § 6; 38 Corpus Juris 136.

In the instant case if the house in question was in the nature of a home occupied by appellant, but letting spare rooms retaining control or supervision, it is no more than that of cotenant in possession of it all in person by herself and others for her. The circumstances may show that it is in substance and effect but one occupancy —that of the cotenant exercising supervision and control of the whole.

If it be an apartment house suitable for separate and distinct occupancy, and so let and used, the situation might be different. The facts alleged in the bill in the instant case are consistent with the theory that appellant as cotenant was in the occupancy of a single unit dwelling letting lodgers occupy spare rooms, but all under her supervision. If there is a different situation it ought to be so alleged in the bill and the de-

58

murrer pointing out the defects should have been sustained.

Reversed, rendered and remanded.

GARDNER, C. J., and LAWSON and STAKELY, JJ., concur.