Plaintiff appeals from a decree dividing certain property between himself and his late wife's daughter. We reverse in part and remand.
The plaintiff, Earl J. Dougherty, married Annie Lee Dougherty ("decedent") in 1966. She had a daughter by a previous marriage, the defendant, Doris Ann Hovater. At the time of her second marriage, the decedent owned a house. In 1970 she conveyed this house to herself and her husband, the plaintiff, as joint tenants with right of survivorship. In 1973 the plaintiff's aunt died and left a will by which the plaintiff and his wife received certain corporate stock. On September 13, 1976, the decedent executed her own will, leaving all of her property to her daughter, the defendant.
On August 7, 1979, the plaintiff and his wife entered into a real estate sales contract to buy a house and lot. Subsequently the plaintiff borrowed $9,000 and paid approximately $10,000 for the purchase price of the property under the contract. At this time the decedent entered the hospital. While there she gave her daughter a general power of attorney for her to complete the real estate sales transaction. The loan was closed and the deed delivered on October 4, 1979. The conveyance was made by an ordinary warranty deed, not by a survivorship deed, contrary to what the plaintiff says was his understanding. On October 16, 1979, the decedent died, leaving her 1976 will.
The plaintiff then rented the house he had bought, apparently having spent $242.80 on maintenance before his wife's death. He paid the mortgage, taxes and insurance and borrowed $1,500 for a home insulation loan. This amount he is repaying by $21 monthly payments on his utility bill.
In March 1981 the plaintiff filed the present action seeking (1) a declaration that the defendant has no title to the property acquired in 1979 and reformation of the 1979 deed to be a survivorship deed or (2) an order that the defendant reimburse the plaintiff for 50% of the purchase price and expenses incurred for the property. The defendant counterclaimed seeking (1) an order setting aside the 1970 deed as induced by undue influence and (2) a sale for division of the 1979 property and an accounting for rents. (Other claims concerning personal property are not relevant here.) The pleadings made no mention of the corporate stock bequeathed in 1973 by the plaintiff's aunt. However, at trial there was testimony concerning the stock.
The trial court denied the plaintiff's request for reformation of the 1979 deed, denied defendant's request to have the 1970 deed set aside, ordered the 1979 property sold and the equity divided between the parties and ordered sale of the corporate stock for equal division of the proceeds. The trial court also ordered that the plaintiff was entitled to the rents he had collected *Page 1084 
as compensation for "taxes, insurance and upkeep and mortgage payments on the said property."
The plaintiff does not appeal the denial of reformation of the 1979 deed. With respect to that conveyance the only claim the plaintiff raises on appeal is that he did not receive reimbursement for one-half the purchase price and expenses he paid. The plaintiff also claims that the trial court erred in ordering sale of the corporate stock and in ordering a partition sale of the 1979 property.
The plaintiff claims reimbursement for the purchase price of the property acquired in 1979. Assuming arguendo that the entire purchase price came from the separate funds of the plaintiff, we do not find that the plaintiff has any claim to reimbursement. Under the 1979 deed he and the decedent took as tenants in common with no right of survivorship. Thus, what passed to her devisee, the defendant, was an undivided one-half interest, unencumbered by any debt to the plaintiff. What the plaintiff did not require in compensation from his wife he cannot require of his wife's devisee. As the defendant argues, to require her to compensate the plaintiff for one-half of the purchase price would in effect convert the 1979 deed to a survivorship deed by which the plaintiff acquired a fee simple interest in the property upon his wife's death. The plaintiff has not appealed the refusal to reform the deed to make it a survivorship deed, and thus there is no basis for seeking reimbursement for one-half the purchase price.
The cost of maintenance and improvements is a different matter. The parties agree on the applicable rule of law: "[C]ompensation for improvements erected on land will be allowed the improving co-tenant only when he was without knowledge of any outstanding interest and, bona fide, believed himself to be the owner of the property." Smith v. Persons,285 Ala. 48, 56, 228 So.2d 806 (1968). The trial court did not explicitly apply this standard but simply ruled that the plaintiff was entitled to retain the rents he had collected as compensation for taxes, insurance, mortgage payments and upkeep. This finding presupposes that under Smith v. Persons,supra, the plaintiff incurred the expenses in the bona fide belief that he owned the property.
The error claimed by the plaintiff in this ruling is that the court did not allow compensation for the $1,500 home insulation loan. He testified that the rents he had collected approximately offset the amounts he had spent for taxes, insurance, maintenance and the mortgage payments. Clearly, if the plaintiff was entitled to reimbursement for these expenses then he was also entitled to reimbursement for the home insulation loan, which was an expense for an improvement on the property. The figures given in the record seem to support the plaintiff's contention, and the defendant does not demonstrate otherwise. We agree with the defendant that the trial court's ruling must be sustained on appeal if any good ground is presented for its support, whether or not such ground is stated in the decree, e.g., Pizitz v. Ryan, 403 So.2d 222 (Ala. 1981). However, we can see no good ground supporting this aspect of the trial court's decision, which appears internally inconsistent. Therefore, the action must be remanded for the plaintiff to receive compensation for his allowable expenses out of the proceeds of the sale to the extent that such expenses were not satisfied by the rents he collected. SeeStaples v. Pearson, 230 Ala. 62, 159 So. 488, 491 (1935) (rents collected by co-tenant were not due to other co-tenants until he had received enough rent to reimburse himself for lawful charges).
The plaintiff argues that the trial court erred in ordering sale of the corporate stock. As noted above, this matter was not raised in the pleadings. At trial the plaintiff was cross-examined concerning the following provision in his aunt's will of 1973: "I give and bequeath all of my United Fund Stock, all of my Consumers Power Company common stock and all of my Consumers Power Company preferred stock to my nephew, Earl J. Dougherty and his wife, Annie Lee Dougherty, or to the survivor of *Page 1085 
them. If neither survives me, then this bequest shall lapse and this property shall be distributed under the residuary clause of this Will." On cross-examination the plaintiff testified that there was no United Fund stock; "after it was cleared up there was none available." He testified that he had not offered to deliver any of the stock to the defendant and had not called it to her attention since his wife's death. The record contains a letter stating that the Consumers Power Company stock is registered as follows: "Earl J. Dougherty Annie Lee Dougherty TEN ENT." From this the plaintiff states that it is undisputed that the Consumers Power Company stock was held by Mr. and Mrs. Dougherty as tenants by the entirety and that they never received any United Fund stock.
The plaintiff's threshold argument on the trial court's ruling concerning the stock is that this issue was not properly raised at trial. The defendant responds that the issue was tried by the consent of the parties under Rule 15 (b), ARCP, which provides: "When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings." The plaintiff disagrees that the issue was tried by consent, stating that he "was prejudiced by its inclusion, quite unexpectedly, in the court's final decree." Apparently what the plaintiff would have argued to the trial court was that the entire interest in the corporate stock passed to him under the survivorship characteristic of tenancy by the entireties. The defendant points out that Alabama does not recognize that estate. See Donegan v. Donegan, 103 Ala. 488,15 So. 823 (1894).
From review of the record it does not appear that the plaintiff impliedly or expressly assented to litigating this issue or that he argued the merits of his position of ownership of the stock to the trial court. Although it is true that Alabama does not recognize the estate of tenancy by the entireties, the plaintiff may have had some basis for arguing that the stock was survivorship property. The defendant gives us no indication that the trial judge considered this argument. The transcript reveals that only a few minutes of the somewhat lengthy trial were devoted to this issue. In these circumstances the trial court erred when it rendered a decision on this issue without notice to the parties that it was going to do so. Although we recognize that determining when issues have been tried by implied or express consent of the parties under Rule 15 (b) is largely within the discretion of the trial court, it does not appear that the court exercised that discretion in an informed manner. For example, he evidently overlooked the testimony that there was no United Fund stock. Although it may have been appropriate to make a disposition of the corporate stock along with the other property, that should not have been done without being clear that the parties understood so that they could apprise the court of their positions. Accordingly, we must remand for the trial court to determine whether or not the corporate stock was survivorship property.
Finally, the plaintiff contends that the trial court should not have ordered sale for division of the 1979 property in the absence of proof that it could not be equitably divided in kind. However, the court could reasonably have made this decision in view of the evidence that the property consisted of a house used for rental purposes.
Accordingly, the action must be affirmed in part, reversed in part and remanded for determination of the matters discussed above. It is so ordered.
AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.
TORBERT, C.J., and MADDOX, JONES and SHORES, JJ., concur. *Page 1086