CRAWLEY, Judge.
In March 1998, Ginger Richardson (the “daughter”) sued her stepmother Martha Gibson (the “widow”) for a sale of the real property of her father George W. Nichols (the “decedent”) and a division of the proceeds. The decedent had died intestate in July 1995. The trial court ordered the *802 property sold and the proceeds divided evenly between the daughter and the widow. The trial court also awarded the widow reimbursement from the daughter for expenses she had incurred in tending that real estate, specifically, expenses for insurance, taxes, pest control, and replacement of the water heater. The daughter appeals, arguing that the trial court erred by awarding the widow reimbursement for these expenses.
The widow and the daughter agree that upon the decedent’s death they became cotenants of the decedent’s real property, which consisted of the decedent’s home-place. The widow lived in the homeplace at the time the decedent died, and she continued to live there until the property was sold as a result of the daughter’s sale-for-division action.
Ala.Code 1975, § 35-6-23, provides that the trial court in a sale-for-division action “may adjust the equities between and determine all claims of the several cotenants or claimants.” Although the widow incurred the expenses at issue for repairs, tax liabilities, and maintenance of the property, the daughter argues that the widow, because she was in sole possession of the property at the time the expenses were incurred, is not entitled to reimbursement for those expenses.
The daughter relies on the following language from Fundaburk v. Cody, 261 Ala. 25, 32, 72 So.2d 710, 717 (1954):
“ ‘ “A cotenant in sole possession and receiving all the profits derived from the property ... is deemed to have undertaken the discharge of certain duties to his cotenants, such as preserving the property by making needful ordinary repairs ... and payment of taxes and other annually maturing liens, and is not entitled to contribution from them.” ’ ”
This language is quoting Gordon v. McLemore, 237 Ala. 270, 274, 186 So. 470, 474 (1939), which, in turn, is quoting 7 R.C.L. 824. The Fundaburk court states that the issue in that case was whether the occupying cotenants were entitled to reimbursement for payments made toward the mortgage principal. The Fundaburk court resolved the issue by stating:
“The answer to this, we think, may properly be resolved in adjusting the equities between the cotenants. The trial court found that the rental value for the use and occupation by the tenants in possession was a complete offset for all of the items of expenditure made by them, including the payments on the mortgage principal. We see no basis for a reversal of such finding.”
261 Ala. at 34, 72 So.2d at 718 (emphasis added).
Although Gordon like Fundaburk cites with approval the rule from 7 R.C.L. 824 quoted above, the Gordon court concludes that the nonoccupying cotenant is liable for the proportionate amount of tax liability, but is not liable for any expenses for improvements to the property. The Gordon court reasons that all the cotenants are liable for their proportionate share of the taxes, by stating:
“We do not think the principle [that an occupying cotenant is not entitled to reimbursement] implies an obligation [on the occupying cotenant] to pay taxes. What [the occupying cotenant] paid out in that respect was a legal charge, necessary to be paid by some one.”
We conclude that a proper interpretation of § 35-6-23, Fundaburk, and Gordon is that the trial court properly allowed the widow to be reimbursed for the taxes she paid while she was in possession of the property, but that the trial court erred in allowing the widow to be reimbursed for the insurance, pest control, and replacement of the water heater. The taxes are *803 “legal charges,” and, applying the holding of Gordon, we conclude that that expense is the only one sought by the widow that is reimbursable.
Therefore, the trial court’s judgment is reversed and the cause is remanded for proceedings consistent with this opinion.
REVERSED AND REMANDED WITH INSTRUCTIONS.
YATES and THOMPSON, JJ., concur.
ROBERTSON, P.J., concurs in the result.
MONROE, J., not sitting.