## THE GREEN BAY LUMBER COMPANY v. IRELAND *et ux.*

**Occupying Claimant: RELIEF IN EQUITY.** Defendant built a house on lots owned by another, with the understanding that a contract of sale to defendant might be completed, which was never done, and the owner of the lots sold them to H. for the value of the lots without the house, and H. sold to plaintiff for a still smaller sum, —defendant all the time being in possession, and H. and plaintiff both purchasing with full knowledge of the facts. In this action to quiet title in plaintiff, *held*—

    (1) That the title of the lots should be quieted in it, but that defendant should have leave to move the house within thirty days.

    (2) That equity had power to grant full relief, and that the law for the benefit of occupying claimants did not furnish the only remedy for defendant.

*Appeal from Ida District Court.*—HON. J. H. MACOMBER, Judge.

FILED, MAY 23, 1889.

ACTION to quiet the title of certain lots in Ida Grove. There was a judgment for the plaintiff, and defendants appeal.

*J. C. Walter* and *L. A. Berry*, for appellants.

*Warren & Buchanan* and *C. W. Rollins*, for appellee.

GRANGER, J.—The defendant Silas Ireland built on the premises in question a house and made other improvements, under claim of purchase thereof by oral contract with the Blair Town Lot and Land Company. Afterwards the Town Lot and Land Company sold the lots by contract to one Hoyt, who assigned the contract to the plaintiff company. The principal point in controversy is as to the title or right of the defendant Silas Ireland to occupy the premises. The contract under which Ireland took possession of the lots is involved in much doubt as to time of payments and some other particulars, and we think it unnecessary to make definite findings in that respect. It is, indeed, doubtful if there was any definite understanding. From the testimony we feel satisfied that Ireland built there expecting to pay for and own the lots, and, after he was in possession, the Town Lot and Land Company, by its agent, knew of this possession, and hoped for a completion of the contract of sale by payment of a part of the purchase price. After Ireland was in possession and making the improvements, there was talk of making the payment. It was not the understanding that it was to be a sale without a cash payment, and no such payment was made. We think there never was a sale. In fact it is scarcely urged in argument that there was a completed contract between the Town Lot and Land Company and the defendants; appellants' contention being apparently with regard to the house as distinct from land. Without reviewing the testimony, we ·will state our conclusions, that as to the lots the appellee is the owner, and the title thereto is quieted in it. The house was built on the land with an understanding that a contract of sale might be completed, and the Town Lot and Land Company, in selling the lot in question, sold it for the value of the lot alone,

regardless of the house, from which we infer that the Town Lot and Land Company never designed to claim or sell the house. Hoyt, as well as the plaintiff, bought with full knowledge of the facts, and with the defendant residing on the premises. Hoyt gave seventy-five dollars for the lot and the plaintiff fifty dollars. The plainest principles of equity forbid such a sacrifice on the part of the defendant. He should be permitted to remove the house from the lot within a reasonable time, thereby giving to each party his rightful possessions. The claim that the defendants' only remedy for the house is by proceeding under the law for the benefit of occupying claimants is not correct. Equity has power to give full relief. The judgment below is so far modified as to allow the defendant to remove the house from the premises within thirty days; the costs of the appeal to be paid by the appellee.

MODIFIED AND AFFIRMED.