## KILLMER v. WUCHNER *et al.*

1. **Partition:** TENANTS IN COMMON: ALLOWANCE FOR IMPROVEMENTS. Plaintiff owned an undivided one-third of a tract of land in fee, and a life-estate in the whole, and defendants owned the other two-thirds in fee, subject to the life-estate. Plaintiff procured what purported to be a guardian's deed of defendants' interests, but it was of no effect; yet he believed it to be valid and relied upon it, and believing that he was the sole owner of the land, which was in a wild state, he took possession of it, made improvements equal to the value of the land, and continued in the undisturbed and unchallenged possession of it for twenty years, when he learned of the defect in his title, and brought this action for partition against the defendants. Actual partition could not be made, and a sale was necessary. *Held* that in determining plaintiffs' share of the proceeds the court properly allowed him the value of the improvements. (See opinion for citations.)

2. **The Same:** CHOICE OF REMEDIES: EQUITY. A court of equity having in such case acquired jurisdiction of the cause, it was competent to afford all the relief which equity demanded, and it was not necessary for plaintiff to resort to a court of law to recover the value of his improvements under the occupying-claimant act. (See *Green Bay Lumber Co. v. Ireland*, 77 Iowa, 636.)

*Appeal from Keokuk District Court.*—HON. DAVID RYAN, Judge.

FILED, MAY 8, 1890.

ACTION in equity for the partition of real estate. The district court found that the premises involved in the action could not be partitioned, and decreed a sale thereof, and a division of the proceeds. The defendants, John J. and George G. Wuchner, appeal.

*Mackey & Stockman*, for appellants.

*C. G. Johnston*, for appellee.

ROBINSON, J.—The title to the land in question was considered and determined in *Killmer v. Wuchner*, 74 Iowa, 360. This action was brought for a partition of the land. Plaintiff asks that, in determining the respective interests of the parties to this action, the improvements upon the land be considered, and that an allowance therefor be duly made. Before this action was commenced plaintiff sold, and agreed in writing to convey, the premises in controversy to John Beinke; and he is made a party defendant. The appellants ask for the partition of the real estate, but insist that their interest is not affected by the improvements. The defendant Beinke admits the contract of purchase with plaintiff, and avers that it is an entirety, and that he does not desire to take only a part of the land. He also alleges that he has placed thereon improvements to the value of six hundred and seventy-five dollars, and asks that in case a sale is ordered the plaintiff's share of the proceeds thereof be paid into court until an adjustment is effected between himself and the plaintiff. To the answer of Beinke, appellants plead that the improvements for which he claims were made without their knowledge or consent, and with knowledge of their rights. The court below found that each appellant was the owner of an undivided four-twenty-fifths of the premises in controversy, including the improvements; subject to a life-estate of Dorotha Strohman, now held by Beinke, and that Beinke was the owner of

an undivided seventeen-twenty-fifths of the premises, including improvements and the life-estate aforesaid. It was ordered that the premises be sold, and seventeen-twenty-fifths of the proceeds be paid to Beinke, and that the remainder be invested under the direction of the court; that the interest thereof be paid to Beinke during the life of Dorotha Strohman, and at her death that such remainder should be paid to appellants.

I.   Appellants contend that the court erred in making an allowance against them for improvements made by appellee. Numerous authorities are cited which hold, in effect, that a tenant for life cannot charge the inheritance or remainder estate with the cost or value of

1. PARTITION: tenants in common: allowance for improvements.

improvements; and for the purposes of this case that may be conceded to be the general rule. The question we are required to determine is whether the facts of this case make it an exception to that rule. The land in controversy was purchased from the general government by the father of appellants, who died testate, and a non-resident of Iowa, in the year 1854. He devised to each of the appellants an undivided one-third of the land in question, subject to an estate in the mother. *Killmer v. Wuchner*, 74 Iowa, 360. By a decree of the Keokuk circuit court rendered December 31, 1886, from which the appellants in this case did not appeal, that estate was determined to be a life-estate in the shares of appellants, and an undivided one-third in fee simple. In the year 1862 the grantor of plaintiff obtained from the step-father of appellants, who were then minors, a deed which recited that the step-father was their guardian, and which purported to convey the land. It was insufficient as a conveyance, but the evidence satisfies us that it was received in go 1 faith, and relied upon and treated as effectual to pass the title of appellants. In the year 1864, plaintiff's grantor acquired the interest devised to the mother, and in the year 1866 he executed to plaintiff a warranty deed for the entire tract of land. Valuable improvements were made upon

it, and there is no doubt that plaintiff occupied and treated the premises as his own until the year 1884, when he sold them to Beinke without any knowledge of appellants' claims. When that sale was made an investigation of the title led to a discovery of the claims of appellants. At that time, one of them was about thirty-two years of age, and the other was two years younger, and neither had ever resided in Iowa. They did not know of their interest in the land, nor the improvements thereon, until about October, 1884. Beinke first learned of the defect in his title nine months after he had entered into the agreement of purchase, and, as we understand the record, after a large part, if not all, of the improvements had been made. Certainly, all of much value were made before there was any adjudication of his title. It is true, appellee could have ascertained the interests of appellants before making the improvements, but the improvements were made in good faith, and equal in value the worth of the land without them. When made, appellees were rightfully in possession of the land, and only did that which was proper to develop and make it productive. It was taken in a wild, uncultivated state, and by means of the improvements in question was fitted for residence, and made capable of yielding valuable profits. It cannot be partitioned, but must be sold, and the proceeds divided. Appellants have not been injured by the making of the improvements, and they have no just claim to any portion of their value. They will receive the same amount in value under the decree of the district court that they would have received had the improvements not been made, and with that they should be satisfied. Our conclusion is in harmony with the principles of equity, and is not without support of authorities. See *Thorn v. Thorn*, 14 Iowa, 55; *Carver v. Coffman*, 10 N. E. Rep. 568; *Cooter v. Dearborn*, 4 N. E. Rep. 393; *Ford v. Knapp*, 102 N. Y. 135; 6 N. E. Rep. 283; 2 Greenl. Ev., sec. 549, note 1; Freem. Co-tenancy, sec. 509.

II. Other questions are discussed, but evidently not relied upon, by counsel for appellants. It is suggested that the relief demanded by plaintiff, and given to them by the district court, should have been sought in an action at law, under the occupying-claimant act. But a court of equity, having acquired jurisdiction of the case, has power to afford all proper equitable relief which is demanded. *Green Bay Lumber Co. v. Ireland*, 77 Iowa, 636. It is said that the questions involved in this case could have been adjudicated in the case of *Killmer v. Wuchner*, 74 Iowa, 359. That was an action to quiet title, and the relief demanded in this case was not made an issue in that. Appellants ask a partition in this case, and for general equitable relief, and cannot be heard to complain because their prayer is granted. We are of the opinion that the finding of the district court as to the shares of appellants is sustained by the evidence, and is fair to them. The decree of the district court is                                AFFIRMED.

