CORA P. NELSON, Appellant, v. WILLIAM PRATT et al., Appellees.

No. 40047.

APRIL 14, 1930.

SUPPLEMENTAL OPINION ON REHEARING MAY 5, 1931.

Smith & More, for appellees.

White & White, for appellant.

EVANS, J.—The principal parties to the litigation are the plaintiff, Mrs. Nelson, and the defendant, William Pratt. They are sister and brother. Since the trial below the plaintiff, Mrs. Nelson, died and her administrator has been substituted. We shall discuss the case without reference to the administration.

It appears that the father of these parties, who was formerly the owner of the farm involved herein, died in December 1900 having first provided a conveyance of his farm of 160 acres to his wife for life and the remainder to his two children, the principal parties herein. At the time of his death the family lived upon the farm and continued to live thereon for one year thereafter. During that year the defendant-Pratt farmed the land as a renter from his mother and thereafter departed to North Dakota near Turtle Lake, where he took up a homestead and continued to live until the year 1907. The farm was thereafter rented to renters outside the family. In 1904 Mrs. Nelson also moved to Turtle Lake in North Dakota and continued to reside there for the rest of her life. At the request of the mother in 1907 Pratt came back from North Dakota and entered upon a tenancy of the farm. The improvements were in bad condition. By arrangement and understanding with his mother, the defendant built improvements upon the place at his own expense. He claims that this was done also with the full knowledge and consent of his sister plaintiff herein. This latter she stoutly denies. Under the defendant's evidence he expended in the building of such improvements a sum in excess of $6000. These comprised a well-built house, which cost $4600; also a barn and granary and corn crib and a complete fencing of the farm. The evidence was undisputed that the improvements so made were worth at the time of the trial, in excess of $5000 and that they would add that

much or more to the sale value of the farm. Upon the trial, the parties agreed, and the court found that a division of the farm in kind was not practicable and a decree was entered ordering a sale thereof as a whole. The decree further provided that out of the proceeds of the sale $5000 should be awarded to the defendant-Pratt to cover the present sale value of the improvements made by him. It is from this part of the decree that the plaintiff appeals.

The basic proposition upon which appellant predicates her argument is that one co-tenant of land may not charge the other with contribution for the cost of improvements built upon his own motion without notice to the other co-tenant and without her knowledge or consent. The fact proposition contended for in argument is that the plaintiff was never notified by defendant of his proposed improvements and that she never, either before or after the making, consented in any wise thereto. This line of argument may be safely conceded, yet it quite ignores the decisive equities in the case. It was competent for Pratt to rent the land from the life tenant. It was also competent for him either as a present or prospective co-tenant of the remainder, and as a present tenant of his mother, to build the improvements upon the common property at his own risk. As between him and his mother he would have the right to remove the improvements as belonging to him. Nor would such right be any less as between him and his co-tenant provided that the building and the removal were not injurious to her or to the land. If it appear in a partition case that one of the co-tenants has in good faith built beneficial improvements upon the common property, that fact will receive the consideration of the court as an existing equity. A protection thereto will be afforded in the decree as far as it can be done without prejudice to the other co-tenant. This is a general principle of equity which has been frequently applied in this court as will presently appear by later citations herein. One recognized method of protection is to include the improvements in that portion of the common estate awarded by decree to such co-tenant. If it appears impracticable to divide the property in kind, the equity of such co-tenant may be protected by alternative remedy. His legal right to remove the improvements in so far as it can be done without substantial injury to the premises, will be recognized. The exercise of this

remedy would necessarily involve loss and waste to the owner of the improvement without working any corresponding benefit or advantage to the other co-tenant. The usual equitable alternative in such a case is to order the property sold as a whole including the existing improvements and to award to the owner of the improvements out of the sale price, their fair contribution thereto. In this case the court found the present worth of the improvements to be considerably in excess of $5000 and found further that such improvements would add not less than $5000 to the sale price of the property. Upon such finding it was ordered in the decree that $5000 of the sale price should first be paid to Pratt for his improvements.

The decree in this respect is fully supported by our previous decisions. Cooper v. Frederick, 4 G. Greene (Iowa) 403; Thorn v. Thorn, 14 Iowa 49; Killmer v. Wuchner, 79 Iowa 722; Forrest Milling Co. v. Cedar Falls Mill Co., 103 Iowa 619.

In the Cooper case we said:

"In making a final settlement and division of the property, the court will look into the peculiar circumstances, and if consistent with the rights of the parties, will protect B. F. Frederick in his rights, by allowing him for improvements and benefits which he has bestowed upon the land; and if the land is partitioned amongst the partners, the court may allow him to retain this specific tract as a portion of his share."

In the Thorn case we said:

"Independently of any homestead right, it has been held by some courts that where one of the joint tenants had made valuable improvements, that on partition subsequently made he would be entitled to that part on which improvements had been made, or to compensation. * * * Such a ruling is founded in obvious justice and reason."

In the Killmer case we said:

"It was taken in a wild, uncultivated state, and by means of the improvements in question was fitted for residence, and made capable of yielding valuable profits. It cannot be partitioned, but must be sold and the proceeds divided. Appellants have not been injured by the making of the improvements, and

they have no just claim to any portion of their value. They will receive the same amount in value under the decree of the district court that they would have received had the improvements not been made, and with that they should be satisfied. Our conclusion is in harmony with the principles of equity, and is not without support of authorities.''

In the Forrest Milling Co. case we said:

''In equity the mill belonged to the tenants who erected it; for it is an elementary rule that, when one co-tenant erects permanent improvements upon the common property, he is, as between himself and the co-tenants, the separate and individual owner thereof, and they will be allotted to him upon partition.''

In support of the same doctrine the appellee cites the case of Hunt v. Meeker County, 160 N. W. 496, 135 Minn. 134.

That case contributes the following discussion:

''The authorities are almost unanimous upon the proposition that, in a partition suit, where it is practicable to make a division of the property, the court, upon ascertaining that one cotenant has made a permanent and valuable improvement upon the real estate involved, will allot to him that portion upon which the improvement is located, not taking into account the value of the improvement; also, if a division cannot be made without prejudice to the parties, the court will determine the amount in which the value of the premises then stand enhanced because of the improvement, and direct that out of the proceeds of the sale there be paid to the one who made the improvement the amount so determined, and that the remainder be divided among the cotenants in proportion to the undivided interest held by each in the property. In other words, if the improvement made exclusively by one cotenant adds to the price which the property will bring on a sale, the amount so added is to be paid to him.''

In view of the foregoing, it is needless that we decide the issue of fact between the parties, which is much stressed in argument, as to whether Mrs. Nelson had notice beforehand, or consented afterwards, of or to, the making of such proposed improvements. If they added $5000 to the selling value of the farm, she suffered no prejudice from their building and

none from their inclusion in the sale. There is no dispute in the evidence as to their present value.

The decree of the district court is accordingly affirmed.

MORLING, C. J., and FAVILLE, DE GRAFF and KINDIG, JJ., concur.

## SUPPLEMENTAL OPINION ON REHEARING

EVANS, J.—In the Petition for Rehearing, counsel for appellant urges upon us very earnestly that in the opinion heretofore filed, we have ignored our prior case of Booth v. Booth, 114 Iowa 78. In that case, as in this, the life tenant was the mother of the remaindermen and occupied the premises up to the time of her death. The defendant son occupied the same with her and she lived in his family. The defendant was one of the remaindermen and the two plaintiffs were the others. The two plaintiffs brought a partition suit against the defendant. By cross-bill the defendant asked that "if a sale be ordered the amount expended by him in improvements be made a lien upon the proceeds." The trial court refused any allowance. In an affirming opinion we said:

"The improvements were put upon the land by defendant during the continuance of the widow's life tenancy. We know of no rule which allows the *representative of the life tenant to make a claim against the owners of the reversion for improvements* on the premises during the tenancy, nor does it appear that, if there were any such right, defendant is the owner thereof. * * * Furthermore, defendant does not show the *permanent value* of the improvements as distinct from the cost of ordinary repairs. It also appears that plaintiffs *distinctly notified defendant that the premises were not to be subjected* to any expense for improvements made by defendant. Moreover, as above indicated, the improvements were not made by defendant *as cotenant*, but while occupying the premises under an arrangement with the life tenant during the continuance of the life estate."

It will be noted that there was no claim in that case for the present value of any improvement or for any alleged increase in the present value of the farm because thereof. The fundamental fact, which invokes the application of the equitable principle dis-

cussed in the original opinion, is absent from this case. The opinion is made to turn upon the facts here indicated. It contains no discussion of, or reference to, such equitable principle.

Giving to the opinion in the Booth case, the most favorable construction contended for by appellant, its only effect would be to require us to discuss the disputed evidence in the case at bar. In the original opinion we found it unnecessary to determine the dispute of fact as between the parties herein. The defendant testified that he had written to the plaintiff and advised her of what he wanted to do and that she had never objected thereto, but had acquiesced therein. This contention was denied by the plaintiff. She admitted however, that she knew substantially all that was being done by her brother, the defendant. Admittedly she never raised any question about it until they attempted to make a settlement between themselves many months after the death of the mother. We think the preponderance of the evidence in the light of all the circumstances, is with the defendant on this dispute of fact. There is little room to doubt that the improvements were made by the defendant in reliance upon his interest in the estate as a remainderman and that the plaintiff so understood it. While the mother, as life tenant, consented to it, she expressly disclaimed all interest in, or liability for, such improvements. They were deemed to be the absolute property of the defendant. They were placed there lawfully and not wrongfully and with the consent of all parties having interest in the estate. This brought the defendant and his improvements clearly within the operation of the equitable principle hereinbefore referred to. These facts are clearly differentiated from the facts obtaining in the Booth case. This defendant did not make such improvements for the life tenant, nor as her representative.

The former opinion must therefore be adhered to.