Timothy Hayes and J. W. Hayes, Appellees, v. Ethel Davis and R. S. C. Reaugh, Executor of the Last Will and Testament of Sarah E. Davis, Deceased (Defendants). Ethel Davis, Appellant.

Opinion filed October 28, 1940.

BOYLES & FISHER, of Waukegan, for appellant; PAUL T. RIGGLE, of Flora, of counsel.

H. D. McCollum, of Louisville, for appellees.

Mr. Justice Dady delivered the opinion of the court.

This suit was commenced on March 15, 1938, for the partition of a city lot in Flora, Illinois. Plaintiffs Timothy Hayes and J. W. Hayes obtained a decree in their favor. Defendant Ethel Davis is the only party who appeals.

It is conceded that the plaintiffs are the real owners of the property. Their title was derived through Charles H. Davis, who owned and occupied the property at the time of his death on March 25, 1924. By his will admitted to record on May 7, 1924, he devised the lot to Lottie Hayes, his housekeeper, for life, and gave the remainder to her sons, Dillman Hayes and plaintiff, Timothy Hayes, Lottie Hayes went into possession of the premises and remained there until about six months prior to her death on December 16, 1931. At the time of their mother's death, Dillman and Timothy Hayes were aged 15 and 16 years, respectively. On September 25, 1937, Dillman Hayes conveyed his interest to plaintiff J. W. Hayes. The will of Davis and the deed from Dillman to J. W. Hayes erroneously described the lot. This misdescription was corrected and reformed by the decree.

On June 13, 1927, the property was sold at a tax sale to P. N. Smith for $1.20. Based on such tax sale a tax deed was issued to and recorded by Smith on May 15, 1930. Smith held his tax deed interest until his death. The heirs of Smith conveyed their interest in the lot to Charles Briscoe by quitclaim deed dated May 20, 1933, which deed was never recorded. For a period of time the premises were leased by Briscoe for a rental of $2 a month.

The defendant Ethel Davis and Roy Davis, her husband, purchased the lot sometime in 1934 (the exact date not being specified) under an oral contract with Briscoe, and as consideration therefor Roy Davis

traded to Briscoe land valued at $200. The purchase was made in the name of Ethel Davis who received her deed from Briscoe on March 23, 1935, which deed was recorded on April 19, 1935. Ethel Davis and her husband took possession of the lot at the time of the purchase and thereafter remodeled the house and made the other improvements hereinafter mentioned. They have been in possession of and have lived on the premises continuously since the date of their original entry.

The decree found the plaintiffs to be the owners of the property in equal shares; ordered that the tax deed to Smith, the deed from the Smith heirs to Briscoe, and the deed from Briscoe to the defendant Davis, be set aside; that the clerk pay to Ethel Davis the sum of $117.67 deposited in court by the plaintiffs as reimbursement for taxes, interest and costs by virtue of her interest under the tax deed; that Ethel Davis deliver possession to plaintiffs; that partition be made between the two plaintiffs and that certain persons act as commissioners to make such partition. The commissioners reported the property not susceptible of division and valued the property at $1,550. The trial court approved the report, ordered a sale and directed that the net proceeds be divided between the two plaintiffs.

Ethel Davis contends that, in addition to reimbursement for taxes paid, interest and costs, she is entitled to recover the reasonable value of the improvements made by her to the extent that such improvements enhanced the value of the premises. The failure of the trial court to allow her such recovery is the only error assigned. She claims such right not only on equitable grounds but by virtue of the provisions of sections 53 to 61 of chapter 45 of the Revised Statutes entitled "Ejectment."

In considering the claim of the defendant Davis for the enhanced value of the property, it is material to

inquire as to the circumstances under which the improvements were made. The testimony shows without dispute that at the time Ethel Davis took possession the property was unoccupied but in the possession of Briscoe and the only improvements consisted of a "poorly built two room shack" and a chicken house. The record does not show how or when Briscoe obtained possession, except that he testified that when he got his deed no one was living there, and this testimony was not denied. After her purchase and in the fall of 1934 Ethel Davis and her husband removed part of the old house and rebuilt the remainder by putting on a new roof and new siding and making it into a five-room house. The Davises also built a coal shed and dug a well on the premises and expended a total of $1,200 to $1,500 on the improvements made by them. A contractor who testified for the defendant placed the value of the lot at the time of the hearing at $350 to $400 and the value of the improvements at $1,900. Briscoe valued the lot at $250 and the improvements from $1,500 to $1,600. Plaintiffs offered no evidence as to the value of the lot or the cost or value of the improvements. There is testimony to the effect that Briscoe in a conversation was advised of the plaintiff's title in the spring or early summer of 1934, and was cautioned against doing any work on the buildings. This was denied by Briscoe. There is no evidence tending to show that Ethel Davis or her husband at any time had any notice or knowledge of such conversation, if any. There is no evidence that either the defendant Ethel Davis or her husband had any actual notice of the plaintiffs' title prior to the making of the improvements. Roy Davis, however, testified that Briscoe told him that his (Briscoe's) title was founded on a tax deed and that he (Davis) did not make any investigation to see what the title was; that he "supposed it was good." There is no evidence that the plaintiffs or Dillman Hayes had any knowledge of the improve-

ments referred to until after the improvements were made.

The general rule at law is that if a stranger enters upon the land of another without the consent of the owner and makes an improvement by erecting a building, the building becomes the property of the owner of the land (*Olin v. Reinecke,* 336 Ill. 530) but, as stated in *Cable v. Ellis,* 120 Ill. 136, "Courts of equity have not hesitated to soften the harshness and rigor of the rule of law, when the circumstances of the case and the relation of the parties required it to be done to meet the ends of justice." Consistent with the policy that he who seeks equity must do equity, the rule has been established that when the true owner seeks relief in equity, as in the instant case, and where improvements upon real estate, of a permanent character, are made in good faith by one in possession, believing himself to be a bona fide purchaser or owner for value, and under circumstances justifying such belief, and the expenditure is reasonable in amount and of benefit to the estate, allowance may be made for the increased or enhanced value caused by the improvements, but the persons claiming such allowance are charged with the value of the use and occupation of the premises. (*Cable v. Ellis, supra.*)

In *Lagger v. Mutual Union Loan & Building Ass'n of Chicago,* 146 Ill. 283, a chancery proceeding, the court set aside the sale of the premises and allowed the purchaser for the enhanced value of the property caused by his improvements, and, in so doing, said; "The rule, that the purchaser of a defective title is not entitled to compensation for improvements, is relaxed in favor of such purchaser when he is brought into a court of equity as a defendant at the suit of the real owner. If the latter seeks the aid of equity to establish his right to the property itself, and it appears that the estate has been substantially benefited by the improvement, it would seem to be just that he should be

required to make compensation." In *Gilbreath v. Dilday,* 152 Ill. 207, a chancery proceeding, the court, in speaking of the rights of a tax deed holder who had made improvements, said: "Appellant cannot be regarded as a mere trespasser, since he took possession only after obtaining his tax deed, and if required to account for rents and profits, as was properly held, should be allowed for permanent improvements, if reasonable in their character and beneficial to the land, as well as for taxes and special assessments paid, and interest thereon."

The proof shows Ethel Davis purchased the property in good faith, without actual notice of any defects in her title, and entered into the peaceable possession of the premises and made the improvements under the honest belief she was the true owner and without actual knowledge of the claims of the true owners. At the time she entered into possession she expected to and did thereafter receive from Briscoe a deed professing to give her complete title to the premises. The knowledge of her husband that her title was based on a tax deed and the inference that such information was conveyed to her does not prove or tend to prove she knew of any defect in her tax title. The improvements were openly made and there is no evidence to show anyone told her not to make such improvements or that she did not have the right to make them. If the good faith of Ethel Davis is challenged by attempting to charge her with constructive notice of the interests of the plaintiffs, it would not change the situation any, for the will of Davis and the deed to Hayes erroneously described the lot as in a subdivision which did not exist. The record until corrected by the decree in this case cannot be said to have given any notice of the rights of the plaintiffs.

Plaintiffs elected their remedy and have asked the aid of a court of equity and asking equity they are required to do equity. The property is to be sold and the

net proceeds divided and no injustice or hardship is imposed upon the plaintiffs by giving to the defendant the enhanced value caused by the improvements. In *Eury v. Merrill,* 42 Ill. App. 193, the court in a partition proceeding, said: ''Where, in a case of partition and a sale of the land upon which the improvements are placed, the proceeds of the land are increased by reason of the improvements, a court of equity may allow and pay the wrongdoer the amount which the fund has been increased by reason thereof. Certainly the owner of the title is not injured by this, and the person who has improved the estate in his own wrong is simply allowed to take his money back; in other words, it is not considered forfeited. Any other rule would appear inequitable.'' In accord is *Killmer v. Wauchner,* 79 Iowa 722, 45 N. W. 299.

In our opinion under the circumstances of this case it was reversible error to limit the recovery of Ethel Davis only to the amount due under the tax deed. She is also entitled to be reimbursed for the improvements placed upon the premises to the amount that such improvements enhanced the value of the real estate, the amount of such enhancement to be determined as of the time of the hearing, and the plaintiffs are entitled to charge against her the reasonable value for the use and occupation of the premises from the date of her entry on said premises to the time of the hearing, but if it appears that the rental value has been increased or enhanced by reason of the improvements placed on the premises by Ethel Davis, then she should not be held for any part of the increased rental value caused by the improvements. (*Dougherty v. White,* 112 Neb. 275, 200 N. W. 884.)

Consistent with the rule hereinabove announced, in the further hearing of this case the court should hear evidence as to the value of the said property as of the time of the hearing without the improvements made by defendant Ethel Davis, and also the value of said prop-

erty at the time of the hearing with the improvements made by the said defendant, for the purpose of determining the enhancement in value, if any, caused by the improvements made by said defendant. The trial court should also hear evidence as to, and determine the reasonable value of the occupation of the premises from the date of the entry thereon by the defendant Ethel Davis to the time of the hearing.

Upon a sale being held after the payment of costs, the court should order that the balance remaining in the hands of the master be set apart and that there should be paid to the defendant Ethel Davis such proportion of the entire proceeds of said sale remaining in the master's hands after the payment of costs (but not the costs on this appeal) as the amount of the enhancement, if any, of the property by reason of the improvements made by the defendant, bears to the total value of the property as found by the court at the time of the hearing, less the amount fixed for the reasonable value of the occupation of the premises by the defendants, with the remainder of such moneys to be paid to the plaintiffs.

In the view we have taken of this case, it is unnecessary to decide whether or not the above mentioned provisions of the Ejectment Act are applicable.

Judgment of the trial court is reversed and the case remanded at the costs of appellees for further hearing in conformity with the views herein expressed.