ROBERTA NELSON MAHON, appellee, v. HARRY E. MAHON et al.,
defendants; MERLE E. NELSON, appellant.

No. 50918.

(Reported in 121 N.W.2d 103)

1350

April 9, 1963.

Loren M. Hullinger, Sr., Margaret L. Beckley and Jay C. Beckley, all of Cedar Rapids, and D. W. Harris, of Bloomfield, for appellant.

Bailey C. Webber, of Ottumwa, for appellee.

GARFIELD, C. J.—This is an action in equity for partition by sale of a 250-acre farm in Van Buren County of which plaintiff Roberta Nelson Mahon owns a one-third interest and defendant Merle E. Nelson, plaintiff's divorced husband, the remaining two-thirds interest. The trial court held, following trial, plaintiff was entitled to be reimbursed for $3750 as enhanced value of the realty by reason of improvements placed upon it by her during her occupancy. Defendant Merle E. Nelson has appealed. His sole complaint is against the above allowance.

January 19, 1949, plaintiff was granted a divorce from

appellant, care and custody of their five minor children, and a one-third interest in the 250-acre farm subject to one third the indebtedness thereon. The divorce decree provides that for the support of the children plaintiff "is hereby awarded the use of all of the above described real estate for as long as she supports them and until the youngest child becomes 18 years of age, subject, however, to the payment of taxes, ordinary repairs and interest on mortgage indebtedness. * * * It is further provided that no partition action shall be brought upon said lands nor shall any decree of partition be entered until all of said children shall have attained the age of 18 years * * *. Plaintiff is given permission to remarry whenever she sees fit."

The youngest child became 18 June 2, 1959. This action was commenced the following day. Plaintiff and defendant Harry E. Mahon were married March 12, 1949, and lived on the farm with the five children and one subsequently born to plaintiff and Mahon. It is not claimed plaintiff did not support the children, pay the taxes, ordinary repairs and interest on the mortgage debt. Plaintiff was guardian of the person and property of appellant from the time of the divorce until 1956 or 1957. Her oldest son then succeeded her as guardian until sometime in 1959. During this period of ten years from 1949 to 1959 appellant was a patient at the state mental health institute at Mount Pleasant. He was discharged, however, as recovered March 28, 1959.

While plaintiff was guardian for appellant she applied for and received court authority to make some improvements on the farm. Appellant is not here claiming his share should not be charged with two thirds of the cost of improvements so authorized.

I. The first contention appellant makes is that plaintiff occupied the position of a life tenant rather than a tenant in common and as such, it is said, cannot charge him, as a remainderman, with repairs or improvements. Appellant also challenges the sufficiency of the evidence to show any improvements erected by plaintiff enhanced the value of the farm. It is also contended the improvements in question were not made in good faith.

1352

■■ We have no doubt plaintiff is entitled to receive, out of the proceeds of sale of the land, any enhancement in value thereof at the time of the partition by reason of improvements she put upon the land in good faith during her occupancy.

Plaintiff and appellant were co-owners or tenants in common of the farm. Plaintiff had the right to occupy it for a period of about ten years on condition she support the children, pay the taxes, ordinary repairs and interest on the mortgage indebtedness.

■■ Before any allowance to plaintiff for improvements might properly be made they must add to the value of the property at the time of the partition. The improvements must not be foolish or improvident or merely to meet the whim or caprice of the improver. The right to compensation and the extent thereof are determined by the resulting enhancement in value of the property. The original cost of the improvements is not a controlling factor in making a proper compensatory award to the improver since it does not correctly measure the increase in value of the property, because thereof, at the time of the partition. Indra v. Wiggins, 238 Iowa 728, 738, 739, 28 N.W.2d 485, 489, 490; Annotation, 1 A. L. R. 1189, 1210.

■ It is true the improvements must be made in good faith. But this means only that they must be made honestly for the purpose of improving the property and not to embarrass the cotenants, encumber their estate or hinder partition. The fact the tenant making the improvements knows an undivided share in the land is held by another is no bar to relief. Indra v. Wiggins, supra.

It is not a condition to an allowance, in such an action as this, for enhancement in value because of improvements constructed by a cotenant that the other cotenants knew of the improvements or consented thereto. Indra v. Wiggins, supra, 238 Iowa 728, 740, 741, 28 N.W.2d 485, 491; Annotation, 1 A. L. R. 1189, 1201.

The reason for the rule is that when improvements built by a cotenant enhance the value of the common estate and the cotenants are not injured in anyway, or hindered from having partition, they should not be permitted to take advantage of

the improvements, to which they contributed nothing. In theory the cotenants receive as much of the proceeds from the sale as they would if the improvements had not been built. Indra v. Wiggins, supra, 238 Iowa 728, 738, 28 N.W.2d 485, 489; Nelson v. Pratt, 212 Iowa 441, 445, 446, 230 N.W. 324, 236 N.W. 386; Killmer v. Wuchner, 79 Iowa 722, 725, 45 N.W. 299, 300, 8 L. R. A. 289, 18 Am. St. Rep. 392; Annotation, 1 A. L. R. 1189, 1206.

The present case is quite like Nelson v. Pratt, supra. Plaintiff and defendant there were co-owners of a farm subject to their mother's life estate. While occupying the farm under an arrangement with his mother defendant expended several thousand dollars on improvements which added more than $5000 to the value of the farm at the time of the trial. We approved an allowance to defendant of such amount out of the proceeds of the sale. This from the opinion states the applicable rule (pages 443, 444 of 212 Iowa, page 325 of 230 N.W.):

"* * * If it appear in a partition case that one of the cotenants has in good faith built beneficial improvements upon the common property, that fact will receive the consideration of the court as an existing equity. A protection thereto will be afforded in the decree as far as it can be done without prejudice to the other co-tenant. This is a general principle of equity which has been frequently applied in this court * * *. One recognized method of protection is to include the improvements in that portion of the common estate awarded by decree to such cotenant. If it appears impracticable to divide the property in kind, the equity of such co-tenant may be protected by alternative remedy. * * * The usual equitable alternative in such a case is to order the property sold as a whole including the existing improvements and to award to the owner of the improvements out of the sale price, their fair contribution thereto."

The Nelson opinion quotes from four of our earlier precedents in support of the foregoing.

Indra v. Wiggins, supra, contains an exhaustive review of our own and other decisions on the point in controversy here. Plaintiff and defendant there were wife and husband prior to their divorce. Defendant and his new wife continued to occupy

a residence owned in joint tenancy by him and his divorced wife (plaintiff). In the honest belief he was sole owner, he and his new wife made valuable improvements upon the property. In a partition suit instituted by plaintiff it was held defendant was entitled to receive out of the proceeds of the sale the amount by which these improvements enhanced the value of the property at the time of the partition.

 The Indra opinion answers one contention appellant makes here—that because this plaintiff's second husband, Mahon, furnished some of the money for and performed some of the labor upon some of the improvements, there can be no allowance for them. Of a similar contention Indra v. Wiggins, supra, 238 Iowa 728, 734, 735, 28 N.W.2d 485, 488, has this to say: "Plaintiff in argument seeks to make something of the fact that James procured some of the money from the second Mrs. Wiggins. That fact does not aid the plaintiff. James procured the money to make the improvements and the source thereof is immaterial. Plaintiff has no more right to unjustly enrich herself from the property of Mrs. Wiggins than she has to do so from the property of Mr. Wiggins."

Pertinent Iowa cases and others decided down to 1944 are reviewed in an article by Dudley Weible in 29 Iowa Law Review 558, 577 et seq.

An annotation in 1 A. L. R. 1189, 1202, 1203, states: "And the authorities are practically unanimous that, in a partition suit, where * * * a sale of the property and a division of the proceeds has been ordered, the court, on ascertaining that one cotenant has made permanent and valuable improvements on the property involved, will determine the amount in which the premises then stand enhanced in value, because of the improvements, and direct that out of the proceeds of the sale there shall be paid to the cotenant who made the improvements the amount so determined, and that the remainder shall be divided among all the cotenants in proportion to the undivided interest held by each in the property."

 Even if it were true, as appellant contends, that plaintiff's occupancy was like that of a tenant for life, rather than years, this would not deprive her of the right to be paid out

of the proceeds of the partition sale for the enhanced value of the property by reason of improvements constructed by her in good faith. Killmer v. Wuchner, supra, 79 Iowa 722, 45 N.W. 299, 8 L. R. A. 289, 18 Am. St. Rep. 392; Staples v. Pearson, 230 Ala. 62, 159 So. 488, 98 A. L. R. 852, 854, 855, and annotation, 859, 860.

II. The trial court thought the improvements plaintiff built added $15 an acre to what the farm would bring at the partition sale and therefore, as stated, awarded her $3750 out of the proceeds. This is in addition to a charge against the share of appellant for two thirds of $410 for garage and well and two thirds of $1705.71 for fencing. The court held expenditure of these last amounts was authorized in the guardianship proceeding. As previously stated, appellant has questioned only the allowance of the $3750.

The principal improvements forming the basis for the questioned allowance are a pond built in 1951-2, pipe and fencing from the pond to the well in 1955-6, machine shed built in 1951-2, new foundation and floor in garage in 1953-4, improvements to the dwelling (including those to kitchen, bath, plumbing and wiring) from 1950 to 1957, corncrib in 1950-2, gravel for the lane leading to the buildings last applied in January 1957, lime last spread upon the land in December 1953, and a hog house built in 1961. Trial was in October 1961.

The evidence is that the beneficial effect of lime on farm land lasts eight to ten years from the time it is applied. It is apparent these applications of lime could not have greatly enhanced the value of the farm at the time of trial. Some of the gravel was applied to the lane as early as 1951 and 1952. Some of this expense for gravel seems to fall within the term "ordinary repairs" which the divorce decree obligates plaintiff to pay.

Of course the burden rested on plaintiff to prove the amount by which the improvements placed upon the land by her enhanced its value at the time of trial. Doubtless this must be somewhat of an approximation.

After giving weight to the trial court's findings and considering the entire record we are unable to find that the improve-

1356

ments plaintiff put upon the farm, other than those authorized in the guardianship proceeding, enhanced its value at the time of trial more than $2500. The allowance to plaintiff of $3750 out of the proceeds of sale must therefore be reduced to $2500. As thus modified the decree of the trial court is affirmed. One third the costs in this court are taxed to plaintiff, two thirds to appellant, Merle E. Nelson.—Modified and affirmed.

All JUSTICES concur except HAYS, J., who takes no part.