**CHARLES JOSEPH JAMES, Plaintiff**

v.

**RAPHAEL BAILEY, Defendant**

Civil No. 159-1971

District Court of the Virgin Islands

Div. of St. Croix

February 6, 1974

ROBERT H. RUSKIN, Christiansted, St. Croix, V.I., *for plaintiff*

NICHOLS & SILVERLIGHT, Christiansted, St. Croix, V.I., *for defendant*

YOUNG, *District Judge*

## MEMORANDUM OPINION AND ORDER

This is an appeal from a judgment of the Municipal Court granting plaintiff compensation for improvements

constructed by mistake on land belonging to defendant. The Court below found that defendant had no actual notice that the improvement (a cistern) was being constructed by plaintiff and attempted to stop the construction when he learned of it. Based on these facts, the Court entered judgment for plaintiff in the amount of $1,800 "as equitable relief."

The issue presented by this appeal is quite narrow. Simply stated, it is whether a person who, by mistake, makes improvements on another's land can maintain an independent action to obtain compensation for their value when the true owner had no notice of the construction. The rule of law to which I must refer as a guide to my decision[1] is stated in Section 42(1) of the Restatement of Restitution:

### Improvements Upon Land or Chattels

(1) Except to the extent that the rule is changed by statute, a person who, in the mistaken belief that he or a third person on whose account he acts is the owner, has caused improvements to be made upon the land of another, is not thereby entitled to restitution from the owner for the value of such improvements . . . .

Appellee's brief correctly points out that the harshness of this rule is relaxed by various qualifications, most often observed in "equitable" actions. These qualifications, then, render the rule when "taken out of context" somewhat misleading. However, it is my view that none of the generally recognized relaxations of the rule, and none of the qualifications expressly noted in the Restatement, apply in this case.

The general rule of the Restatement reflects the notion at common law that one who improved property did so at his own risk. If it later developed that his title to the improved land was defective or that through some error he

---

[1] Under 1 V.I.C. § 4, the rules of common law as expressed in the Restatements shall be the rules of decision in the courts of the Virgin Islands in cases to which they apply, in the absence of local laws to the contrary.

had built on property he did not own, the true owner had no legal obligation to compensate him. The rule was "founded upon the idea that the owner should not pay an intruder, or disseisor, or occupant, for improvements which he never authorized. It is supposed to be founded in good policy, inasmuch as it induces diligence in the examination of titles, and prevents intrusion upon and appropriation of the property of others." Parsons v. Moses, 16 Iowa 440 (1864) noted in 57 A.L.R.2d 263 at 268. The Restatement Reporters further note in Comment (a) to Section 42 that the reason for the harsh rule "is that in many cases it would be still more harsh to require the one receiving the benefits to pay therefor." After making this observation, however, the Reporters do acknowledge that the rule is "not wholly consistent with the principles of restitution for mistake" and that its harshness has been substantially relieved either by statute or by equity. I will now turn to an examination of these two possible methods for avoiding application of the general rule in this case.

The first possibility can be quickly dismissed. It is true that many jurisdictions have enacted statutes protecting the investment of a person who improves land which he later discovers is not his own.[2] Such an occupying claimants act or betterment statute, if enacted in the Virgin Islands, would constitute a "local law to the contrary" within the meaning of 1 V.I.C. § 4 justifying departure from the Restatement's general rule. However, no such statute has been enacted.[3]

The second possible technique for avoiding the general common law rule is to apply principles of equity to mitigate

[2] See Restatement of Restitution § 42, Comment (c); 41 Am.Jur.2d, Improvements § 5.

[3] It should be observed that insofar as such statutes protect only bona fide purchasers occupying land under "color of title" they would provide no relief in a case such as this where a mistake on the part of the improver, rather than a defect in his title, brought about the controversy. The issue then would be whether the statute's remedy was exclusive. See 41 Am. Jur.2d, Improvements § 6.

its harshness in particular cases. As I stated at the outset, I feel that the generally recognized equitable exceptions to the rule do not apply to the facts of this case. I will review briefly these qualifications of the no compensation rule.

First it should be noted that the widely accepted doctrines providing relief from the rule are all defensive. That is, they do not authorize an independent action by the improver but rather allow him a counterclaim or setoff in an action commenced by the true owner. Two of these exceptions are included in the Restatement of Restitution and require restitution to the improver (provided his mistake was reasonable) "to the extent that the land has been increased in value" whenever: (1) the true owner obtains a judgment in an equitable proceeding[4] (perhaps clearing his title), or (2) the true owner commences an action of trespass or other action for mesne profits.[5]

It is puzzling why the right to compensation should turn on the question whether the true owner commences an action seeking some relief for himself from the improver's occupancy of the land. The origin of the rule would seem to lie in the notion that one who seeks the aid of the court in equity must, in turn, "do equity." But it is hard to see why the injustice of allowing an owner of land to retain the benefit of improvements constructed by another should receive judicial recognition only when the party benefited is seeking some further relief. To a certain extent, the cases in other jurisdictions have attempted to deal with this inconsistency of treatment.

---

[4] E.g., Hayes v. Davis, 30 N.E.2d 521 (Ill. 1940); Bradley v. Cornvall, 98 A.2d 280 (Md. 1953).

[5] In most jurisdictions, compensation for the value of improvements is achieved by permitting a setoff against the amount recoverable by the owner in actions for rents, profits and damages as well. E.g., Schleicher v. Schleicher, 104 A.L.R. 572 (Conn. 1935); Pritchard Petroleum Co. v. Farmers Co-op Oil & Supply Co., 190 P.2d 55 (Mont. 1948).

One group of cases in which most courts, and the Restatement,[6] would allow the improver to maintain an independent action to recover the value of his improvement is that in which the owner has been guilty of some inequitable conduct. For example, if an owner stands silently by while another, acting in good faith, constructs valuable improvements on his property, the improver may recover the value of those improvements. E.g., Ollig v. Eagles, 78 N.W.2d 553 (Mich. 1956). In such cases where the owner is guilty of fraud or acquiescence with knowledge, the law of unjust enrichment is invoked to grant the improver compensation for his work. In this case, no such inequitable conduct was found. Indeed, the court below made specific findings that the defendant had no actual notice that the improvement was being constructed and attempted to stop the construction when it came to his attention. The question for decision, then, is whether, absent the negligence, bad faith or acquiescence of the owner, an independent action for compensation can be permitted in this jurisdiction.[7]

In answering this question I should state first that I do not feel that the imposition through 1 V.I.C. § 4 of the Restatement as the rule of decision in this case precludes me from taking cognizance of and applying well recognized principles of equity which temper the effect of the rule. The Restatement must be read together with its comments which acknowledge "principles of restitution for mistake" and the role that equity has played in relieving hardships caused by the rule. Furthermore, I cannot ignore the fact that the Restatement was written in 1937 and should not be applied without some consideration of more recent de-

---

[6] See Restatement of Restitution § 42, Comment (b).

[7] Although a number of cases are often cited as permitting such actions in other jurisdictions, see 104 A.L.R. 577 at 588, they frequently involve elements not present in this case (e.g., improver was a bona fide purchaser of the property without notice of the true owner's title, rather than as here one who merely mistook the property for his own).

velopments. Still, I cannot hold that an improver is always entitled to compensation when he builds by mistake and without the knowledge of the true owner. Even the most far-reaching decisions in this area require a finding that the improver acted in good faith and that his mistake could not have been discovered with ordinary diligence. Equitable relief should not be granted to one who acts recklessly and upon a belief of ownership which is completely without foundation. As the court below made no finding on this issue, I must reverse and remand.

Finally, two matters have been raised by appellee which can be quickly disposed of. After the judgment below and appellant's motion for reconsideration, appellee apparently moved for a new trial on the basis of newly discovered evidence which would demonstrate that defendant had actual knowledge of the construction. As this opinion demonstrates, such knowledge could be critical in establishing plaintiff's right to compensation. The motion became moot when defendant's motion for reconsideration was denied and was not considered by the court below. Therefore, rather than ordering a new trial on the basis of this evidence, I will allow the trial judge to consider the motion in the first instance, applying the standards normally applicable to new trial motions.

The second point raised by appellee is the proper measure of damages to be utilized in an action for compensation for improvements. As I must reverse the judgment entered below on other grounds, it is not essential for me to deal with this issue at this time. However, I think it will be useful for me to provide some guidance on this question. The proper measure of the compensation due is the benefit to the owner of the land as a result of the improvements. Thus, reference should be made to the actual value of the land with and without the improvement, rather than to the cost of the improvement. Although the im-

provement's cost is sometimes used as a limit on the amount recoverable, see, Massey v. Tyra, 234 S.W.2d 759, 763 (Ark. 1950), I do not think such a limit is appropriate in these cases as it would constitute a complete windfall to the owner of the land in those situations where the improvement resulted in value far in excess of its cost. This rule is not unduly favorable to the improver as it may often be the case that the cost of the improvement is in excess of the change in the value of the land which it brings about.

### ORDER

For the reasons stated in the above Memorandum Opinion, it is hereby

ORDERED that the case be remanded to the Municipal Court for further proceedings consistent with this Opinion.