# IN THE COURT OF APPEALS OF IOWA

No. 13-0876
Filed December 23, 2015

**GEORGE W. GLEASON and THEODORE ALAN GLEASON,
TRUSTEES OF THE THEODORE ALAN GLEASON TRUST,**
    Partition Plaintiffs-Appellants,

**vs.**

**GAYLE F. GLEASON,**
    Partition Defendant-Appellee
_____

Appeal from the Iowa District Court for Pocahontas County, Kurt L. Wilke, Judge.

Two brothers appeal an order approving the partition and sale of their deceased mother's home and ordering distribution of the sale proceeds. **AFFIRMED.**

George W. Gleason, Gilmore City, and T. Alan Gleason, Camarillo, California, appellants pro se.

Dani L. Eisentrager, Eagle Grove, for appellee Gayle Gleason.

Michael N. Gleason, Gilmore City, appellee pro se.

Considered by Vaitheswaran, P.J., and Potterfield and McDonald, JJ.

**VAITHESWARAN, Presiding Judge.**

Two brothers appeal an order approving the partition and sale of their deceased mother's home and ordering distribution of the sale proceeds. They take issue with the district court's decision to reimburse their sister for improvements she made to the home. They point to prior court orders denying her request and argue those orders precluded re-litigation of the question.

## I. Background Facts and Proceedings

Dorothy Gleason owned a home and farmland. She had six children—Michael, David, Theodore, Gayle, Margaret, and George—to whom she left the property on her death. *See Gleason v. Korde*, No. 12-2025, 2014 WL 4628912, at *1 (Iowa Ct. App. Sept. 17, 2014).

Discord developed among four of the siblings.[1] Gayle and Michael filed a petition for declaratory judgment seeking the creation of a trust and appointment of a trustee "to manage and maintain the property." Theodore and George resisted and sought a partition sale of the properties. In response, Gayle and Michael amended their petition to seek reimbursement for various expenses, including $55,232 in "substantial improvements increasing [the] value of" the home.

Following trial, the district court granted Theodore and George's request for partition and sale of the home and, under a contract theory, denied Gayle's request for reimbursement of improvement expenses.

Gayle moved for enlarged findings and conclusions, asserting in part that the partition action should not have been joined with her petition for declaratory

---

[1] Two siblings passed away.

judgment and she should have been the one to benefit from the increase in the home's value. The court addressed and overruled the joinder portion of the motion, denied the severance motion for past proceedings, and severed future proceedings. The court did not specifically address Gayle's argument concerning her improvements but "overrule[d] without further discussion the other issues."

Only Michael appealed. *See Gleason*, 2014 WL 4628912, at *1. This court concluded that Michael conveyed all his rights and interest in the property to Gayle while his appeal was pending, losing a personal and legal interest in the dispute. *See id.* at *2. The court nonetheless addressed and denied his argument on the merits. *Id.* at *3-4.

Meanwhile, the severed partition action proceeded in the district court, with a referee's issuance of a report of sales and a request for directions to make a distribution. The report listed a home appraisal value of $48,000 and a sale price of $91,000 and included a proposed distribution based on each co-owner's percentage of ownership, without consideration of the cost of improvements.

Gayle, who was the successful bidder on the home, objected to the report. She argued the increased value of the home should be distributed to her. A different district court judge than the judge presiding over the first action approved the report but agreed Gayle should be reimbursed for the improvements she made.

Theodore and George filed a motion to enlarge. The district court summarily denied the motion.

On appeal, Theodore and George raise a number of arguments, all centered on the district court's decision to credit Gayle for the home improvements. Their primary contention is that the second district court judge "erred in the severed and later partition action by ignoring the findings, orders and Decree of the Court in [the] earlier action." This argument implicates the doctrine of issue preclusion. *See* Restatement (Second) Judgments § 27, at 250 (1982) ("When an issue of fact or law is actually litigated and determined by a valid and final judgment, and the determination is essential to the judgment, the determination is conclusive in a subsequent action between the parties, whether on the same or a different claim."). Our review is de novo. *See In re Estate of Woodroffe*, 742 N.W.2d 94, 101 (Iowa 2007) ("Partition actions are equitable actions which we review de novo.").

## II. *Issue Preclusion*

"Issue preclusion prevents parties from re-litigating in a subsequent action issues raised and resolved in [a] previous action." *Emp'rs Mut. Cas. Co. v. Van Haaften*, 815 N.W.2d 17, 22 (Iowa 2012) (internal quotation marks and citation omitted).

> The party invoking issue preclusion must establish four elements: (1) the issue in the present case must be identical, (2) the issue must have been raised and litigated in the prior action, (3) the issue must have been material and relevant to the disposition of the prior case, and (4) the determination of the issue in the prior action must have been essential to the resulting judgment.

*Id.*

We begin and end with the first requirement: identity of issues. At first blush, it would appear this requirement was satisfied. In the first action, Gayle responded to her siblings' request for partition as follows:

> Over the course of several years, Plaintiff, Gayle F. Gleason personally made substantial improvements to the residence which was paid for by herself. Such improvements have added substantial monetary and aesthetic value to the property that benefitted all owners. *If the Court should determine that this property be partitioned then it should also determine how much Gayle F. Gleason is entitled to reimbursement for those improvements and her share should be proportionally increased according to the increase in value to the property.*

(Emphasis added.) In the second action, she asserted:

> 4. The auctioneer, Jon Hjelm, appraised the home at $48,000.00. The house sold for $43,000.00 more than the appraised value and the value of the home was substantially increased due to the improvements made and paid for solely by the Plaintiff, Gayle F. Gleason. These improvements were made at no cost to the other owners, even though they were afforded the benefits of the improvements while using the home for many years. Gayle F. Gleason expended a total sum of $55,000.00 for improvements of the home which added greatly to the value of the home. The improvements were meticulous and of exceptional value as they were in keeping with the original 1908 structure. *The additional $43,000.00 from the appraised value as opposed to the sale value should be credited to Gayle F. Gleason for her improvements made to the home.* (Exhibits C, D and E)

(Emphasis added.) These assertions establish that Gayle raised the same issue in both actions and sought the same relief. But our analysis cannot end with Gayle's framing of the issue because the framed issue was not the issue decided by the district court in the first action.

In that action, Gayle made a conditional argument: *if* the court ordered partition of the land, *then* the court should determine by how much her share should be increased in light of the money she expended to improve the property.

The district court decided a different issue—whether the co-owners agreed to reimburse Gayle for her expenditures. The court found and concluded as follows:

> No contract or agreement existed between the co-owners for these improvements. There is no evidence that all of the owners were aware of the improvements. Gayle testified that she did not intend to be reimbursed for these improvements. Her demand is a response to the partition.
>
> There is no legal or equitable basis for the reimbursement of these expenses. Gayle was in a semi-fiduciary capacity with some, if not all, of the co-owners. Until now, no one, including Gayle, thought that she would demand reimbursement. George testified that it was unwise to make these improvements to a house of this age in a small farming community. At a minimum, the co-owners were entitled to consent to this obligation. There is no proof that these improvements increased the resale value of the home. The Court finds that Gayle should not be reimbursed for these improvements.

The court premised its denial of relief on the absence of a contract and the absence of co-owner consent to the improvements. Significantly, the court found Gayle's request for reimbursement was "a response to the partition." But, after ordering partition, the court left the mechanics of partition and distribution for a separate action.

In the second action, the district court addressed the question of whether Gayle should receive reimbursement for the improvements in light of the sale of the home at a significantly greater price than the assessed value of the home. The court stated:

> Gayle still seeks reimbursement in the amount of $55,232.00 for improvements to the home which she alone paid. She testified that had the home not been sold in her lifetime, as she expected it would not, she would have been content and satisfied to enjoy the improvements without seeking contribution from her siblings, but since the home has been sold she argues that she should be reimbursed for her payment for updates, otherwise George is

unjustly enriched at Gayle's expense. The assessed value of the home, even after the improvements, is $28,231.00 (Gleason Exhibit #1). Subtracting Gayle's requested $55,232.00 from the net proceeds of $83,052.20 from the sale of the home leaves a net balance of $27,820.20 to be divided between the owners.

The court addressed the issue preclusion argument raised by Theodore and George as follows:

> George argues that [the first judge's] order . . . denying Gayle's request for reimbursement is res judicata and that the entire $83,052.20 should be divided between he and Gayle according to their ownership interests. This court disagrees. [The first judge's] ruling was based upon the facts presented in Pocahontas County file #EQCV126201. There, Gayle requested that in the event the home was sold her share of the sale proceeds should be "proportionally increased according to the increase in the value to the property" caused by her improvements. In denying her request, [the judge] found that (1) there was no agreement among the heirs for contribution to those expenses, and (2) there was no proof that the improvements increased the value of the home. Now, through the partition we know that the heirs were all aware of Gayle's proposed improvements and no objections were offered and we know that the improvements added value to the home as it sold for $62,769.00 above its assessed value. The facts changed since [the first] decree and equity demands that Gayle be reimbursed for her out-of-pocket improvement expenses which reimbursement will not harm George from what his expected return would have been had the improvements by Gayle not been done.

Although the second court focused on changed facts in declining to apply the ruling of the first court, we believe the distinction is one of law. In the first action, the court applied a contract theory to deny Gayle's request for recovery of improvement expenses. In the second, the court applied partition principles to allow her request.

We recognize this is a nuanced distinction. *See* Restatement (Second) of Judgments § 27 (1982) ("One of the most difficult problems in the application of

the [issue preclusion] rule . . . is to delineate the issue on which litigation is, or is not, foreclosed by the prior judgment."). But it is one supported by precedent.

In *Indra v. Wiggins*, 28 N.W.2d 485, 490-96 (Iowa 1947), the court had to decide how the value of certain real estate improvements should be allocated between co-owners of the property. There was no dispute one of the co-owners made all the improvements. *Indra*, 28 N.W.2d at 488-89. The other co-owner sought a monetary benefit from the improvements. *Id.* The Iowa Supreme Court discussed two rules, one based in law and the other in equity:

> Another factor akin to that of good faith is the matter of the knowledge or consent of other cotenants with respect to the improvements. Of course, ordinarily, one cotenant cannot voluntarily improve the common property, and then by direct action, particularly at common law, compel another cotenant to contribute his proportionate share thereof. He cannot thus make another cotenant his debtor against his will, or thereby subject the share of that cotenant to a charge or a lien therefor. Many decisions hold that this cannot be done with respect to even necessary repairs, unless there has been a request and a refusal of the cotenant to participate. [citations omitted]
>
> But the rule stated just above has no application in the case before us, or in any case where the question of the allowance of compensation for repairs or improvement on property held in joint tenancy or tenancy in common, arises in *partition* or accounting, *in equity*. The argument and citation of authorities by counsel for appellant indicates an avoidance of this distinction . . . .
>
> > . . . .
> > In 1 A.L.R. 1189 (see also pages to 1225) it is stated: While at common law a tenant in common could not claim contribution in an action at law for necessary improvements on the common property, without the consent of his cotenants, nevertheless, inasmuch as an action for partition was essentially equitable in its nature, a court of equity was required to take improvements into account when decreeing partition, and to award the cotenant in possession, who had necessarily and in good faith improved the common property and enhanced its value at his own cost, such equitable compensation as would leave only the value of the estate, without the improvements to be divided

among the tenants in common. This relief was granted in actions in partition in keeping with the familiar principle of equity jurisprudence, which requires that one who seeks equity must do equity. The rule in this behalf has been adopted and applied, with but rare exceptions, in every jurisdiction where the action for partition is considered as one calling for equitable interposition and relief.

*Id.* at 490-91. The two rules articulated by the court are precisely the rules implicated here.

The district court in the first action decided there was no agreement among the co-owners to make the improvements. This conclusion implicates the first rule summarized in *Indra*: "ordinarily, one cotenant cannot voluntarily improve the common property, and then by direct action, particularly at common law, compel another cotenant to contribute his proportionate share thereof." *Id.* The district court in the second action decided equity demanded a credit in favor of Gayle. This conclusion implicates the second rule summarized in *Indra*: "a court of equity was required to take improvements into account when decreeing partition." *Id.*; *see also Mahon v. Mahon*, 121 N.W.2d 103, 106 (Iowa 1963) ("[W]hen improvements built by a cotenant enhance the value of the common estate and the cotenants are not injured in any way, or hindered from having partition, they should not be permitted to take advantage of the improvements, to which they contributed nothing."). Because the two courts invoked and applied different rules, the issues decided by the two courts were not identical and the district court's ruling in the first action did not preclude the district court in the second action from crediting Gayle with the cost of the improvements she made to the property.

### III. Amount of Distribution

Theodore and George's remaining issues deal with the amount of Gayle's distributive share. The district court, acting in equity, chose to credit Gayle with the entire cost of improvements. The amount finds support in the record. We see no reason to reduce it.

### IV. Michael's Standing

George filed a motion to strike Michael's pro se appellee proof brief, claiming Michael "has no standing in this dispute." The Iowa Supreme Court ordered the motion to be considered along with the appeal. This court addressed the same issue in Michael's prior appeal and concluded he lacked standing because he "conveyed all of his rights and interest in the property to Gayle." *Gleason*, 2014 WL 4628912, at *2. The same holds true here, and we therefore grant the motion to strike.

### V. Appellate Attorney Fees

Gayle requests $5000 in appellate attorney fees. She cites no authority for an award of appellate attorney fees.

Our own research directs us to Iowa Rule of Civil Procedure 1.2225, which authorizes the court to "fix, and tax as costs, a fee in favor of plaintiff's attorney, in a reasonable amount, to be determined by the court." The provision says nothing about appellate attorney fees. In the absence of argument on whether a request for appellate attorney fees may be read into this provision, we decline Gayle's request.

**AFFIRMED.**